ELIZA E. SMARR, Plaintiff in Error, v. ANN E. McMASTER, ADM'X, &c., Defendant in Error.

*Administration—Surety.*—The administrator of an intestate who was security for the payment of a debt, has authority to consent to the creditors granting to the principal debtor an extension of the time of payment, if it be for the interest of the estate.

| 35 | 349 |
| 99 | 692 |
| 35 | 349 |
| 55a | 7 |
| 35 | 349 |
| 61a | 48 |
| 35 | 349 |
| 132 | 559 |
| 35 | 349 |
| 87a | 7 |
| 87a | 393 |

*Error to Hannibal Court of Common Pleas.*

*James Carr* and *J. L. Robards*, for appellant.

I. It is a general principle of law, that where an extension of time is given by the payee in a note to the principal debtor, without the consent of the surety therein, that said extension will release the surety; but where such consent is given, the surety is still held bound. (Nichols' Adm'r v. Douglass et al., 8 Mo. 49; 1 Pars. Notes, 238; 8 Ark. 141.)

II. The administratrix is the full, legal representative of the intestate in regard to all personalty, and all contracts affecting the personalty. (1 Will. Ex. 545-6; 1 Lom. Ex. 287; Parsons v. Hill, Adm'r, &c., 8 Mo. 135.) As the intestate in his lifetime could have confessed a judgment, so can his administratrix confess one on the same indebtedness. (2 Will. Ex. 887 to 890.) She may submit the matter to arbitration; she may admit a debt, barred by the statutes of limitations, so as to take it out of the statutes and revive it in its original force, and is not bound to plead the same; she may release a debt; she may pay a debt, she may compound a debt. (2 Green. Ev. § 347, *a.*; Murray v. Blatchford, 1 Wend. 585.)

23—VOL. XXXV.

If the administratrix can do all, or any of the above acts, she is certainly competent, as the legal representative of the intestate, to consent and make an arrangement with the payee of a note on which her intestate is held bound as surety, granting an extension of time to the principal debtor by his giving additional security to indemnify the estate of her intestate. It was not creating a debt against the estate, nor was it releasing a just debt due to the estate, but it was simply doing that which a prudent man would do in the management of his own affairs, and in the exercise of a sound judgment.

In Kee's Ex. v. Kee's creditors, 2 Grat. 128, the Court of Appeals of Virginia, defining the duties and powers of an executor (and the same is applicable to an administratrix) says: "The duties of the executor though they may not be moulded by the finer moralities, which though sanctioned by conscience cannot be enforced by law, are yet to be performed under the obligations of sound judgment, acting on those considerations of worldly prudence which affect the safety of the pecuniary interests confided to his care. When such judgment so governed is fairly exercised and (tested by the facts existing and known at the time it is exercised) is such as would probably be formed by a judicious man managing his own affairs with reference to considerations of mere wordly prudence, the executor is justified in acting on such judgment, and so acting is not responsible for alleged losses resulting from his conduct.

BATES, Judge, delivered the opinion of the court.

Smarr exhibited for allowance against the estate of Mc-Master, a note executed by Schnitter, McMaster & Stevens. The defence made was, that McMaster and Stevens were securities of Schnitter, and that the plaintiff had given Schnitter further time for the payment of the note, upon his giving additional security by a deed of trust upon land. The agreement to give further time was made after the death of McMaster, and the plaintiff offered to prove that the ar-

rangement was made with the consent of McMaster's administratrix. That evidence was rejected, upon the ground that the administratrix had no legal power to give such consent. There was judgment for the defendant and the plaintiff appealed to this court.

The statutes of the State specify the powers and duties of administrators in so many particulars, that it is seldom necessary to go beyond them in order to inquire whether a power in question can be exercised by an administrator. In this instance there is no particular section which decides upon the question presented.

It is conceded that an administrator cannot create a new obligation of the estate, nor enlarge an obligation already existing; but his letters of administration are granted to him " to the end that the property of the estate may be collected, preserved, and disposed of according to law." He is not the unqualified owner of the property of the estate (32 Mo. 431) and has not plenary power over it; but he is the owner for every purpose necessary to enable him to discharge the duties of his office, and is the collector, preserver and disposer of it for the benefit of the creditors, legatees and distributees of the estate ; and therefore, while he may not add to the liabilities of the estate, he may lawfully do many acts for the preservation of the estate which are not specifically named in the statutes, and the diminution of the debts of the estate is an act in preservation of the estate as clearly as many other acts to that end. In the case now presented, the liability of McMaster's estate was, before the extension of time given the principal, perfect, and the administrator could not increase it. If he consented to the extension of time, he might by that means cause a diminution of the debt, or the extension of time might be injurious to the estate by the loss of an opportunity to collect from the principal.

It is not our duty to determine whether in this or any given case it would be good policy for the administrator to consent, but only whether he has legal power to consent in any case. It is obvious that an extension of time to the

principal might be advantageous to the estate, or the contrary, in any case; and the fact that it may be disadvantageous to the estate, is an argument against the existence of the power in the administrator to make it. On the other hand, whilst it is his duty to preserve the estate, there are very few acts for the preservation of property, however apparently advantageous, which are not accompanied with some risk of loss; and the fact that the power here in question might be so exercised as to be of great advantage to the estate, is also an argument in favor of its existence.

Executors and administrators have not in Missouri so great power as in many other places. The statutes limit their powers very much, and therefore the expression used in other places to define broadly their powers are not fully applicable.

We are however of opinion, that under the general authority of the administrator to preserve the estate, this power may be exercised by him. The court therefore erred in rejecting the evidence offered.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.