# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### OCTOBER TERM, 1893.

ROBERT NICHOLS, Appellant, v. VALLE REYBURN, Administrator *de bonis non* of the estate of JOSEPH BREWSTER, Respondent.

St. Louis Court of Appeals, November 7, 1893.

1. **Administration:** COMPENSATION FOR LEGAL SERVICES RENDERED TO THE ADMINISTRATOR: DIRECT LIABILITY OF ESTATE. An attorney, who renders legal services for the benefit of the estate of an intestate at the instance of the administrator, is entitled to have his claim for reasonable compensation therefor allowed against and paid directly out of the assets of the estate.

2. ———: ———: ORIGINAL JURISDICTION OF CIRCUIT COURT IN ESTABLISHMENT OF CLAIM. A circuit court has original jurisdiction of an action by an attorney for the establishment of such a claim directly against such estate.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED *(Bond, J., dissenting.)*

*R. M. Nichols,* for appellant.

(1) Section 92, of the Revised Statutes of 1889, provides that the administrator shall "defend all suits brought against him;" and section 222 provides that

VOL. 55—1                                            (1)

"the court shall allow all reasonable charges for legal advice and services." Had the administrator paid this expense of administration, it would have been allowed him as "costs." 2 Woerner on Administration, sections 514 and 515; *Gamble v. Gibson*, 59 Mo. 585. The right to an allowance of an attorney's fee, as costs, is given or created by sections 92 and 222, and it has been held that, when given by the statute, the same can be assessed. *City of St. Louis v Meintz*, 107 Mo. 615. (2) The circuit court has jurisdiction to allow and direct the payment by the administrator *de bonis non* out of the funds in his hands belonging to the estate of Joseph Brewster, deceased, counsel fees as costs and expenses incurred, but not paid, by the prior administrator. *Ziegenhein v. Tittman*, 103 Mo. 557; *Powell v. Powell*, 23 Mo. App. 368; *Long v. Redmann*, 58 Ind. 62; *Scott v. Dailey*, 89 Ind. 477; *Thompson v. Smith*, 64 N. H. 412; *In re Couts*, 87 Cal. 480; *Pennie v. Roach*, 94 Cal. 515; *Portis v. Cole*, 11 Tex. 158. (3) Equity should entertain jurisdiction, for if appellant is compelled to prove up his claim against the estate of Jeptha H. Simpson, his administrator would be put to an action against the estate of Joseph Brewster, where in this action the claim can be laid against the estate from which it is justly due and the multiplicity of suits prevented. *Biddle v. Ramsey*, 52 Mo. 153; *Primm v. Raboteau*, 56 Mo. 414. (4) The petition shows that the expenses were incurred by the administrator in defending a suit, brought against him as such for the purpose of ascertaining who is entitled to the fund in his hands subject to distribution. It is the duty of the administrator to ascertain to whom he should pay out the fund as distributee under the law. *Kingsland v. Scudder*, 36 N. J. Eq. 286; *In the Matter of the Estate of McCune*, 76 Mo. 205; *Johnson v. Halifield*, 82 Ala. 123; *In re Simmons Will*, 55 Ky. 239.

*Robert H. Kern*, for respondent.

ROMBAUER, P. J.—The plaintiff's petition states in substance the following facts:  One Jeptha Simpson was appointed administrator of Joseph Brewster's estate and served as such from October 12, 1886, the date of his qualification, until February 23, 1893, the date of his death.  While Simpson was acting as such administrator, he employed the plaintiff, who is an attorney at law, to advise him in the matters of his administration and to defend him in all matters pertaining to the estate, and particularly in a suit brought by Ida May Healy and others, wherein the claimants sought to establish that they were the sole distributees of said estate by virtue of a deed of adoption claimed to have been executed by Brewster.  The plaintiff as such attorney in the matters aforesaid performed services of the reasonable value of $2,000, and expended $23.25 in cash, neither of which were paid for by said Simpson.  After Simpson's death the defendant was appointed administrator *de bonis non* of Brewster's estate, and as such became possessed of the remaining assets of the estate, valued at $9,000.  The plaintiff prays that the sum of $2,023.25 may be ordered by the court to be paid to him by the defendant out of the funds in his hands belonging to the estate of Joseph Brewster.  The petition further states that the services were performed "for the benefit of the funds and of the parties interested in the estate of Brewster."

To this petetion the defendant interposed a general demurrer, which the court sustained.  The plaintiff declining to plead further, judgment was entered against him on a demurrer, and he brings the case by appeal to this court.

It will be thus seen three points are presented for our decision.  *First.* Can an attorney at law, who

makes a contract with an administrator to defend him in his trust relation, prosecute his claim for the services rendered in pursuance of such contract directly against the estate represented by such administrator. *Second.* Can he prosecute such claim against the estate for services rendered in determining by legal proceedings who are the proper distributees of the estate, provided it further appears that the services were rendered in the interest of the true distributees, and in the defense of an action which the administrator was bound to defend in the courts of administration. *Third.* If he can do so, has the circuit court original jurisdiction of such an action?

Neither of these questions is free from difficulty either on principle or authority, and we will discuss them in the order above presented.

On principle the proper answer to the first question must depend upon the character of the contract which the attorney makes in these cases. The administrator is a mere agent for the estate. The general rule is that, where an agent contracts for a disclosed principal, and acts within the scope of his authority, the principal, and not the agent, is liable upon the contract. To this rule, however, there are many exceptions, one of which is recognized in *Hovey v. Pitcher*, 13 Mo. 192, namely, that where the credit is given to the agent, the agent may personally be sued. Section 92 of the Revised Statutes of 1889 makes it the duty of the administrator to defend all actions brought against him, the defense whereof is necessary in the course of administration. Section 222 provides that the court shall allow the administrator, in his settlements, reasonable charges for legal advice and services. It was decided as early as *Gamble v. Gibson*, 59 Mo. 585, that an executor could subject the estate to a charge for necessary legal services rendered to the estate at his request by another.

Such claims are expenses of administration, and, if reasonable, must be allowed by the court against the estate as diminishing the assets of the estate in the hands of its statutory trustee to that extent.

Such being the law, we hold that an attorney in contracting for professional services with an administrator, *prima facie*, contracts on the credit of both the agent and principal. The agent becomes responsible to him to the extent of the contract which he makes, without regard as to whether it is reasonable or not, or for the benefit of the estate or not; the estate becomes responsible to him for his reasonable charges for services rendered, which are for its benefit.

In carrying out this proposition to its logical results, it was held, and we think properly so, in *Long v. Rodman*, 58 Ind. 62, that as by statutory provision the reasonable fees of an attorney, employed by an executor or administrator in the management of the decedent's estate, are made a proper charge against the estate, the attorney may, in the event of the nonpayment of his fees, waive his personal claim against the executor or administrator, and apply directly to the proper court for the allowance and payment thereof out of the estate. The action in that case was instituted in the circuit court. In the same line is *Powell v. Powell*, 23 Mo. App. 368, in which it was held that under sections 100 and 101 of the Revised Statutes, which provide for the allowance of expenses incurred by the administrator for labor in preserving stock and other perishable property left by the deceased and requiring immediate care, the person furnishing the labor under a contract with the administrator may proceed directly against the estate. In rendering the decision Judge Phillips said: "It would, in my opinion, be sticking in the bark to say the claim can only be allowed as a credit to the administrator, instead of

allowing it in favor of the meritorious party whom the statute authorized the administrator to employ." This language was quoted with approval by the supreme court in *State ex rel. Ziegenhein v. Tittmann* 103 Mo. 553, 565. We hold, therefore, that both on principle and authority the first question above put should be answered in the affirmative. While the exact point arising for decision is one of first impression in this state, the case of *Powell v. Powell, supra,* furnishes authority by analogy for such holding.

Passing to the consideration of the second question, we conclude that under the general allegations of the petition, which the demurrer admits to be true, it must likewise be answered in the affirmative. The true inquiry in all such cases is, have the services been performed in the interest of the estate. We are referred by respondent to *Bates v. Ryberg,* 40 Cal. 463, where it was held that an administrator can not appeal from an order of final distribution on the ground that the estate was improperly divided between the legatees; also to *Shaw v. Moderwell,* 104 Ill. 64, where it was decided that an executor can claim no allowance for defending a will which is defeated upon the trial of its validity; and to *Mumper's Appeal,* 3 Watts and S. 441, where it was held that the executor is not entitled to attorney's fees upon the trial of the validity of the will *upon appeal,* although the will be upheld. All these cases, however, furnish no authority for the upholding of the demurrer in this case. The petition here states in general terms that the services were performed in advising the administrator in the matters of his administration, and, while it emphasizes particular services, it alleges that all the services were performed for the benefit of the funds and of the parties interested in the estate.

In this state the administrator is a statutory trustee "to the end that the property of the estate may be collected, preserved and disposed of according to law." *Smarr v. McMaster, Adm'r*, 35 Mo. 349, 351. If he is sued touching assets of the estate, it is his duty to defend. Whether such duty ceases after all the beneficiaries of the estate are brought in and are before the court does not rise for decision now, as that question is one which affects the claimant's measure of damages in this case and not his right of recovery, and it is only the latter which can be reached by a general demurrer to his petition. We may state generally, however, that in this case as in all others the powers of the officer are commensurate with his duties.

This brings us to the third question, namely, whether the plaintiff has selected the proper forum for the adjudication of his claim. Section 190 of the Revised Statutes provides that "any person having a demand against an estate may establish the same by the judgment or decree of some court of record." In the view we take, and which was taken by the Kansas City court of appeals in the analogous case of *Powell v. Powell, supra*, the plaintiff's claim is a demand against the estate. There is nothing in the section above recited, which would limit its operation to such demands as arose in the lifetime of the decedent. The administration of Simpson has ceased with his death, and the probate court could not allow the claim as a credit in Simpson's settlements, all the less so since there are well-considered cases holding that such expenses can be allowed to an administrator only after they have been actually paid by him. *Bates v. Vary*, 40 Ala. 421, 441; *Thacher v. Dunham*, 5 Gray, 26. Nor could the probate court allow the claim in the settlements of the present administrator, because the expenses were not incurred by him. Nor, it would

seem, could the probate court allow them on an independent suit brought in that court by the plaintiff. The very fact that all demands exhibited in the probate court must be classified, and that the statute makes no provision for the classification of such a claim, seems to preclude the idea of a suit by the claimant in the probate court. Besides that, probate courts are courts of statutory jurisdiction, and have such powers only as the statute confers upon them either directly or as are necessarily incident to the proper exercise of duties directly imposed. *Ford v. Talmage*, 36 Mo. App. 71, and cases cited.

To hold that the plaintiff's only remedy is to have his claim allowed against Simpson's estate, and then have Simpson's administrator present it for allowance against the estate of Brewster, would be a denial of any adequate remedy to the plaintiff. The administrator of Simpson could not pay the claim until the expiration of two years, and not then unless the assets of the of the estate were sufficient to pay all demands; nor could he exhibit the claim to the present administrator of Brewster's estate for allowance, according to the authorities above cited, until he had first paid it himself.

We recite the foregoing additional considerations, sustaining the jurisdiction of the circuit court, merely to show the inconvenience of any other holding. If this is a claim against the estate, as it purports to be, the jurisdiction of the circuit court can be upheld by the language of the statute without any other aid.

We do not intend to decide that, in case it should turn out, upon the trial of the cause, that the statutory distributees attended to the defense of their own interests, either *ab initio* or at subsequent stage of proceedings, such showing might not defeat the recovery of the claimant on that account altogether, or materially

reduce his damages, as the case may be; nor do we intend to decide that the burden is not upon the plaintiff to show that the services were performed in the interest of the estate.   We simply decide that, the allegations of the petition, which include these services and *others*, being sufficiently comprehensive to justify some recovery, we cannot uphold a general demurrer thereto.

The judgment is reversed and the cause remanded. Judge BIGGS concurs.   Judge BOND dissents.