M. M. Yeakle, Jr., Respondent, v. John G. Priest, Administrator of Isaac Walker, Appellant.

St. Louis Court of Appeals, January 29, 1895.

1. **Administration:** ENFORCEMENT OF CONTRACT OF ADMINISTRATOR AGAINST ASSETS OF THE ESTATE. The administrator of a decedent is a statutory trustee, and a contract made by him in his representative capacity can only be enforced against the assets of the estate when he is authorized by statute to make it for the benefit of the estate.

2. ———: ———. *Held,* by Bond, J., that the contract of the administrator in his representative capacity for services rendered to him as such is not enforceable against the assets of the estate by an action at law, but only by suit in equity when adequate relief can not be obtained at law against the administrator personally.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Reversed.

*Chester H. Krum* for appellant.

The appellant was wholly without authority to make the promise sought to be established. His promise, though made as administrator, did not bind the estate, or afford a basis for the judgment rendered in this case, to be satisfied *de bonis testatoris* instead of *de bonis propriis. Wait v. Halt,* 58 N. H. 467; *Austin v. Monroe,* 47 N. Y. 360; *Platt v. Platt,* 105 N. Y. 488, 501; *Sumner v. Williams,* 8 Mass. 162; *Wilton v. Eaton,* 127 Mass. 174; *Burke v. Terry,* 28 Conn. 414.

*Dodge & Mulvihill* for respondent.

Bond, J.—Plaintiff sues the administrator of the estate of Isaac Walker, deceased, upon an alleged

promise by such administrator to pay for certain services of the plaintiff as an accountant in making "separate accounts for said estate, and for each of the heirs." The value of the services is alleged to be $500, and an account thereof against defendant as administrator is filed as an exhibit to the petition. The answer was a general denial, and a plea of the statute of limitations.

On the trial there was evidence tending to show that the services sued for were rendered by plaintiff as alleged in the petition, and that they were reasonably worth $500. The court instructed the jury that, if the services sued for were performed within five years, plaintiff was entitled to recover of defendant, as administrator, their reasonable value, if the jury believed from the evidence he promised in that capacity to pay therefor. There was a verdict and judgment for plaintiff for $553.75, which was ordered to be certified to the probate court as a demand against the estate in the hands of the defendant as administrator. Defendant has brought the case to this court by appeal.

The controlling question presented by this record is whether or not the contract made by appellant, as administrator, to pay respondent for his services as an accountant, would entitle the latter to an action against the former in his representative capacity. An affirmative answer to this question would lead to an affirmance, while a negative answer would involve the reversal of the judgment in this case.

A personal representative is merely a statutory trustee. *Smarr v. McMaster*, 35 Mo. 349. He has no principal whom he can bind by his contracts. *Studebaker Mfg. Co. v. Montgomery*, 74 Mo. 101. "When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate can

not promise; the contract is therefore the personal undertaking of the trustee." *Taylor v. Davis*, 110 U. S. *loc. cit.* 335. This principle as applied to executors and administrators deprives them of any power to create a demand against the estate in their hands, based on a contract made by them upon a consideration arising after the death of their testator or intestate. It is, therefore, the law that the promisee of a personal representative in such a contract can bring no action at law to enforce it by a judgment against the assets of the estate of the decedent. *Rittenhouse v. Ammerman*, 64 Mo. 197; *Crowley v. McCrary*, 45 Mo. App. *loc. cit.* 357; *Richardson v. Palmer*, 24 Mo. App. *loc. cit.* 489; *Rich v. Sowles*, 64 Vt. 408; *Ness v. Wood*, 42 Minn. 427; *Wait v. Holt*, 58 N. H. 467; *Kingman v. Soule*, 132 Mass. 285; *Summer v. Williams*, 8 Mass. 162; *Burke v. Terry*, 28 Conn. 414; *Austin v. Munro*, 47 N. Y. 360; Woerner on Administration, sections 152 and 356; Crosswell on Executors and Administrators, section 656.

These authorities demonstrate that the respondent is not entitled to establish a demand against the estate in appellant's hands as administrator by an action at law, based upon his contract to pay out of the assets of the estate for the services rendered him as such administrator after the death of his decedent.

The conclusion reached in this case does not contravene the opinion of the majority of the court in *Nichols v. Reyburn*, 55 Mo. App. 1. In that case the ground, on which the petition was held to state a cause of action, was that it presented facts showing the plaintiff therein had no adequate remedy at law. It was, therefore, held that a proceeding would lie in equity to charge the estate with the reasonable value of the services of an attorney rendered for its benefit, in

view of the statute authorizing the administrator to incur such expense.   In the case at bar the attempt is made to enforce a demand by an action at law against the assets of the estate, based upon a contract made by the administrator upon a consideration arising after the death of his intestate, and no grounds of equitable cognizance are asserted.   It is clear this can not be done. The result is that the judgment in this case will be reversed.   So ordered.   Judges ROMBAUER and BIGGS concur in the result.

ROMBAUER, P. J. *(concurring)*.—As the majority of the members of the court concur in the disposition made of this cause in the preceding opinion, but for reasons different from those therein stated, it becomes necessary to state those reasons.

An administrator under our statute is not the personal representative of the decedent, but a mere statutory trustee, with powers to bind the assets in his hands *whenever authorized by statute to do so* and no further. Within these limits he may bind the estate in his contracts.   We have so decided after full consideration in *Nichols v. Reyburn*, 55 Mo. App. 1, and see no reason for changing our opinion in that regard. It is desirable, wherever this can be done, that expenses thus incurred by the administrator should be paid by him in the first instance and accounted for in his settlements with the estate; but cases may arise, of which the *Nichols case* was a fair illustration, where this is impracticable.   To hold that in such cases a party contracting with the administrator or on the credit of the estate is remediless, although the administrator contracts within his statutory powers, simply because the administrator may die or become insolvent, would be a holding untenable on any sound legal principle.

The case at bar, however, is different.   The main

part of the work done by plaintiff, and now sued for, consisted of services rendered to the administrator, not as such, but to him as an agent of the heirs in settling their rent accounts with him as such agent. The residue of the services were the services of an accountant in aiding the administrator to prepare his annual settlements. The former of these services are chargeable to the heirs, or to the agent of the heirs, as the case may be. For the latter the administrator receives his commissions under section 222 of the Revised Statutes. Neither for one nor for the other can the contract of the administrator bind the estate, as his contracting capacity for the estate is limited by statute.

It thus results that the uncontroverted facts, as presented by plaintiff's own evidence, debar him from any recovery against the estate, or against the administrator in his representative capacity, which is the same thing. The judgment, therefore, must be reversed. In these views Judge Biggs concurs.