STATE *ex rel.* W. A. O'BRIEN *et al.*, Respondents, v. JAMES WALSH *et al.*, Appellants.

Kansas City Court of Appeals, November 9, 1896.

1. **Administration:** JURISDICTION OF PROBATE COURT: DEMAND FOR LEGAL SERVICES. The probate court has jurisdiction to allow a demand for legal services rendered the administrator in the course of his administration on an estate.

2. ———: ———: ———. The probate court is clothed with jurisdiction to allow an attorney's claim directly in his favor instead of in the favor of the administrator and to order its payment out of the assets of the estate.

3. ———: DEMAND FOR LEGAL SERVICES: BREACH OF BOND. The failure of an administrator to discharge a judgment in favor of his attorney and against the assets in his hands, constitutes a clear breach of the conditions of his bond for which an action will lie against the surety.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Jas. F. Pitt* for appellants.

Under the statute the court will allow the administrator to credit himself with a reasonable sum expended for fees of counsel upon final settlement. He may contract for as much as he chooses. With this the court has nothing to do, and it has no jurisdiction in the matter at all, until he has actually paid out or has the fund in hand to pay out, and asked for the credit. Then the court has power to postpone the claims of distributees only for a reasonable sum. Under such circumstances and in this sense alone are attorney's fees for services on final settlement costs of administration. *Jacobs v. Jacobs*, 99 Mo. 436; *In re Est. of Meeker*, 45 Mo. App. 197; *Nichols v. Reyburn*, 55 Mo. App. 1; *Yeakle v. Priest*, 61 Mo. App. 47; 2 Woerner, p. 1146. The moment the order was made allowing attorney's fees that much of the estate was accounted for, and these bondsmen discharged *pro tanto*. Their bond was not given to pay the personal obligations of the administrator, and so when at his own request this $1,100 was shifted from his official to his individual hands the bondsmen were discharged; and under the circumstances, possibly the amount of

the fee might be said to have been agreed to between the administrator and his attorneys.

*Charles E. Pratt* and *Joshua A. Graham* for respondents.

(1) The bond is in statutory form, and the suit is properly brought in the name of the state to the use of the relators. R. S. 1879, sec. 19; R. S. 1889, sec. 18; R. S. 1879, sec. 270; R. S. 1889, sec. 283; R. S. 1879, sec. 577; R. S. 1889, sec. 876; R. S. 1879, sec. 590; R. S. 1889, sec. 889; *State ex rel. v. Crensbauer*, 68 Mo. 254, 257, sec. 3 of opinion. (2) The sureties were in court, and had the right to appeal from the order of the court. Not having appealed, the order is conclusive if the court had jurisdiction to award relators any part of the estate for their services in and about making and defending the settlement. *McCartney v. Garneau*, 4 Mo. App. 566; *Livermore v. Bemis*, 2 Allen, 394; *Farrar v. Parker*, 3 Allen, 556; *Rottmann v. Schumaker*, 29 Mo. 139; *Price v. Springfield Ass'n*, 101 Mo. 107; *Brawford v. Wolfe*, 103 Mo. 391. (3) The court had jurisdiction to make the allowance in favor of relators, and direct the payment of the same to them, and failure on the part of the principal to pay the allowance as directed is a breach of the bond. R. S. 1889, sec. 222; *Powell v. Powell*, 23 Mo. App. 365; *Jacobs v. Jacobs*, 99 Mo. 427; *Estate of Meeker*, 45 Mo. App. 186; *Nichols v. Rayburn*, 55 Mo. App. 1; *Geakle v. Priest*, 61 Mo. App. 47; *State ex rel. v. James*, 82 Mo. 509.

SMITH, P. J.—This is an action brought by the plaintiffs against defendant Walsh, administrator of the estate of Thomas Conrad, and the other defendants who are his sureties on his administrator's bond,

to recover the sum of $1,100 ordered by the probate court to be paid relators for their services in and about making and sustaining the final settlement of the said defendant as administrator of the estate of said Conrad. It appears from the order of the probate court approving the final settlement of the said administrator, that it found a specific sum of money in his hands, which, after deducting therefrom his commissions, the costs and expenses of administration, and the relators' demand of $1,100 allowed for their legal advice and services, was ordered to be equally distributed by him among the seven heirs of the deceased.

The relators had judgment in the circuit court, from which the defendants have appealed.

The appealing defendants' contention here is that the relators' demand was a personal liability of the administrator alone and that therefore the subject-matter thereof was without the jurisdiction of the probate court. It appears that the plaintiffs applied directly to the probate court for the allowance and payment of their fees out of the estate of the deceased. Whether the probate court had jurisdiction to make the allowance of plaintiffs' demand and order the payment thereof to them by the administrator out of the assets in his hands depends upon the construction of sections 92 and 222, Revised Statutes.

The first of these provides that executors and administrators shall commence and prosecute all actions which may be maintained and are necessary in the course of the administration and defend all such as are brought against them. And the second provides that in all settlements of executors and administrators, the court "shall settle the same according to law, and *allow* all disbursements and appropriations made by order of the court and all *reasonable charges* for funeral expenses, leasing real estate, *legal advice and service.*"

It has been decided that an administrator, under section 222, Revised Statutes, was entitled to a reasonable attorney's fee for defending his final settlement. *In re Est. of Meeker*, 45 Mo. App. *loc. cit.* 197; *Jacobs v. Jacobs*, 90 Mo. 427. It is thus made plain that the probate court had jurisdiction to allow the relators' claim, but whether it should have been allowed directly in favor of relators against said estate, as seems to have been done, or whether it should have been allowed to the administrator as a credit, is the question to be determined.

In *Powell v. Powell*, 23 Mo. App. 368, it was held by this court that under sections 100 and 101, Revised Statutes, which provide for allowance of expenses incurred by the administrator for labor in preserving stock and other perishable property left by the deceased and requiring immediate care, the person furnishing the labor under a contract with the administrator may proceed directly against the estate. In the course of the opinion delivered by PHILLIPS, P. J., it was said: "It would, in my opinion, be sticking in the bark to say the claim can only be allowed as a credit to the administrator instead of allowing it in favor of the meritorious party whom the statute authorized the administrator to employ." The authority conferred by sections 92 and 222, Revised Statutes, upon the administrator and probate court is quite similar to that conferred by sections 100 and 101. If a claim arising under the latter sections can be allowed in favor of the "meritorious claimant," why may not one arising under the former sections be likewise so allowed? The general rule of law is that the authority to have a thing done by the agent or trustee, implies that the principal who receives the benefit must pay therefor. *Copp v. St. Louis Co.*, 34 Mo. 388. Under either statute the demand must be presented to the probate court for its inspection and

approval. As said in *Powell v. Powell, supra,* "what difference can it make to the parties in interest whether it be presented for allowance by the administrator or the party who gave the credit? The law looks to substance rather than mere form."

An administrator can subject the estate to a charge for necessary legal services rendered to the estate at his request by another. *Gamble v. Gibson,* 59 Mo. 585. Says ROMBAUER, P. J., in *Nichols v. Reyburn,* 55 Mo. App. 7: "Such claims are expenses of administration and, if reasonable, must be allowed by the probate court against the estate, as diminishing the assets of the estate in the hands of the statutory trustee to that extent. Such being the law, we hold that an attorney, in contracting for professional services with an administrator, *prima facie* contracts on the credit of both the agent and principal. The agent becomes responsible to him to the extent of the contract which he makes, without regard as to whether it is reasonable or not, or for the benefit of the estate or not, the estate becomes responsible to him for his reasonable charges for services rendered which are for its benefit." In *Long v. Rodman,* 58 Ind. 62, it was ruled that as by statutory provision the reasonable fees of an attorney employed by an administrator in the management of the decedent's estate are made a proper charge against the estate, the attorney may, in the event of the nonpayment of his fees, waive his personal claim against the administrator, and apply directly to the proper court for allowance and payment thereof out of the estate. An extended review of the cases cited by counsel would serve no useful purpose. It is sufficient to say that it is our opinion that the statute clothed the probate court with jurisdiction to directly allow the plaintiffs' claim and order its payment by the administrator out of the assets of the estate as part of the expenses of administration,

The allowance of relators' claim and order of the court on the administrator for the payment thereof was, in effect, a judgment against the estate. The failure of the administrator to discharge such judgment constituted a clear breach of the conditions of his bond, for which an action would lie against the sureties. R. S., sec. 18.

It follows that the circuit court did not err in refusing defendants' instruction in the nature of a demurrer to the evidence, and that therefore the judgment must be affirmed. All concur.