E. R. STEPHENS, Appellant, v. ARMSTRONG CASSITY, Executor, etc., Respondent.

Kansas City Court of Appeals, January 4, 1904.

1. ADMINISTRATION: Demands: Attorneys' Fees: Expenses. Attorneys' fees are not, strictly speaking, a claim against the estate in the hands of an executor, but are expenses of administration which the probate court should adjust on settlement with the executor.

2. ————: Expenses: Attorneys' Fees: Circuit Courts: Jurisdiction. Circuit courts have jurisdiction to establish demands against estates, but the statute in no sense confers jurisdiction on such courts to adjust the claims of an eecutor for his services and expenses against the estate in his hands; that matter is wholly within the jurisdiction of the probate court.

Stephens v. Cassity.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*H. Lander* for appellant.

(1) The question of jurisdiction raised by the demurrer of the defendant in this cause was settled many years ago if the statutes and decisions of the appellate courts of this State are to stand against the ruling and judgment of the trial court. (2) The demurrer was sustained solely on the ground that the circuit court had no jurisdiction to try this cause. The circuit court had original jurisdiction to try this cause for the establishment of plaintiff's claim for services as an attorney against the defendant, who had his choice as to two forums, to-wit: The circuit court or the probate court, as the following authorities will most conclusively show. Gamble v. Gibson, Ex., 59 Mo. 585; State ex rel. v. Tittman, Admr., 103 Mo. 553; Nichols v. Reyburn, Admr., 55 Mo. App. 3. All of which authorities are directly in point, and decisive of this case. (3) The plaintiff's claim is a demand against the defendant as executor of the will of Presley Pound, deceased, therefore, the jurisdiction of the circuit court can be upheld by the language of the statute alone. Section 191 of the Revised Statutes. Nichols v. Reyburn, Admr., 55 Mo. App. 7.

*O. F. Libby* and *Harry K. West* for respondent.

(1) The probate court of Linn county has jurisdiction to allow and adjust appellant's demand as a claim against testator's estate on final settlement. State ex rel. v. Walsh, 67 Mo. App. 348; Nichols v. Reyburn, 55 Mo. App. 1; Jacobs v. Jacobs, 99 Mo. 427; R. S. 1899, sec. 223; Constitution of Missouri, sec. 34, art. 6. The circuit court could only hear and determine the amount of appellant's claim under R. S. 1899, sec. 191, and cer-

tify it to the probate court for classification.    The time for classifying claims had long expired before appellant brought his action, consequently the circuit court had no jurisdiction in the matter, and the demurrer was properly sustained.    Garrett v. Carson, 11 Mo. App. 290; Ferguson v. Carson, 13 Mo. App. 29; Pearce v. Calhoun, 59 Mo. 271; R. S. 1899, secs. 191 and 192.

BROADDUS, J.—The plaintiff began his suit in the circuit court against the defendant as executor under the will of one Presley Pound, deceased, for compensation for services as an attorney and counselor at law rendered said executor in his management as such of said estate.    A petition was filed setting out the facts to which a demurrer was interposed which the court sustained on the ground that it had no jurisdiction of the case.    The plaintiff appealed, and contends here that the court below committed error in sustaining said demurrer, citing certain decisions of the Supreme Court of Missouri to uphold his contention, to-wit:    Gamble v. Gibson, 59 Mo. 585, and State ex rel. v. Tittman's Admr., 103 Mo. 553.    The first, on the question, only holds that an administrator or executor may avail himself of the aid of legal counsel for the value of whose services he may charge and credit against the estate in his hands.    The second decides that taxes accruing on a personal estate in the hands of the administrator after the death of the deceased are demands against his estate within the meaning of the law, and may be established as such either before the probate or circuit court. Neither case has any application to the question under consideration here.

The plaintiff's demand is not, strictly speaking, a claim against the decedent's estate but one against the executor thereof.    Legal services rendered an administrator or executor are but expenses of the administration and should be allowed as such only, and until they are so allowed they do not become demands against the

estate of the decedent. And the probate courts only have jurisdiction to adjudicate such matters on settlements made with administrators and executors. R. S. 1899, sec. 223.

Section 191, idem, is intended to give to circuit courts jurisdiction to establish demands against the estate of deceased persons and can in no sense be construed as conferring jurisdiction to adjust the claims of the executor or administrator for his services and expenses against the estate in his hands. The sole jurisdiction in that matter is in the probate court.

The cause is affirmed.