In re Estate of THERESA LUTZ, Deceased; CHARLES C. CROW, Respondent, v. Estate of THERESA LUTZ, Appellant.

Kansas City Court of Appeals, January 5, 1914.

1. ADMINISTRATION: Legal Services: Allowance for. A claim for legal services rendered an executor or administrator in the administration of an estate is a part of the necessary expenses of administration which the probate court can directly allow out of the funds of the estate as a part of the proper administration and settlement thereof. While in one sense it is a "demand" against the estate, it is not such a demand as is referred to by the statute which requires the formal presentation of a claim duly sworn to showing that all just credits and set-offs have been given. So that where, before final settlement, the probate court is asked to fix the amount of and allow the compensation to be paid the attorney for necessary legal services rendered the administrator in administering upon the estate, a written motion to the court requesting it to make the allowance is a sufficient foundation for the action of the court.

2. APPEAL AND ERRORS: Record of Probate Court. Where the probate clerk omitted to attach to the certified transcript

of the record the motion upon which the case was founded as one of the original papers which should accompany the transcript, and the party appealing from the probate court failed to procure the same, the opposite party had the right to informally supply said motion by obtaining it and introducing it in evidence in the trial in the circuit court, where proof was made of its authenticity and no question was raised as to the fact that it was actually filed in the probate court as the foundation of the proceeding.

3. **PLEADING: Sufficiently Definite.** In the absence of a motion to make more definite and certain, an overruled objection to the introduction of evidence because of the indefiniteness of the pleading on which the case is founded cannot avail to overturn a case after trial and a verdict had on the merits.

4. **INSTRUCTIONS: Limit of Recovery.** Where the claim expressly limited plaintiff's right to recover for services rendered to a date certain, and no evidence of any services rendered after that date was offered, and plaintiff testified he was not claiming anything for services rendered after said date, the failure of plaintiff's instruction to limit plaintiff's right of recovery to services rendered prior to said date is not error sufficient to reverse the case.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk*, Judge.

AFFIRMED.

*Vinton Pike* and *Charles F. Strop* for appellant.

*J. E. Dolman* and *E. J. Broaddus* for respondent.

TRIMBLE, J.—This case originated in the probate court of Buchanan county, Missouri. The estate of Theresa Lutz, deceased, was in process of administration and settlement in said court by John L. Zeidler, administrator with the will annexed. The respondent Crow was attorney for the administrator. At the time the final settlement was presented, but before it was submitted for final adjudication, said attorney filed a motion in the matter of said estate and as a part of the regular administration thereof, setting forth the fact that Zeidler was appointed administrator; that respondent had been the attorney from the time of the

appointment, and had performed the necessary legal services in advising and assisting the administrator in reference to his inventory and appraisement, and with reference to his duties as such administrator during the continuance of the administration, and with reference to the proper disposition of all of the property belonging to said estate by turning it over to a trustee appointed by the circuit court pursuant to the terms of the will; stating also that respondent had advised, and acted as attorney for, said administrator up to the 30th day of November, 1910, the date of the presentation of said settlement; and moving the court to allow respondent a reasonable fee for such legal services and to tax the same as costs of the administration of said estate. Upon the filing and presentation of said motion, both the administrator and respondent appeared before the court, and the matter of the allowance of an attorney's fee was taken up. The court heard the evidence and sustained said motion and allowed respondent the sum of $3750 in full for all services performed as attorney for the administrator of said estate. The estate was large, amounting to considerably over $125,000 in personalty besides much real estate. After making the above allowance and also an allowance to the administrator for his commissions, the probate court approved the final settlement, and ordered that the balance due the estate in the hands of the administrator be turned over to the trustee appointed under the will, and that the trustee's receipt therefor be taken, and that, upon the filing of such receipt, said administrator and his bondsmen be finally discharged.

From the order allowing the above attorney's fee, the trustee and certain persons interested in the estate appealed to the circuit court.

There the matter was tried anew before a jury which returned a verdict for $3600 in respondent's favor. From a judgment on this verdict, the trustee

and one of the legatees under the will have appealed to this court.

In the circuit court an objection was made to the introduction of any evidence offered by respondent in support of his claim. This objection seems to have been based upon two grounds, namely: 1. That there was no statement of claim or paper which could be considered as a foundation for the cause of action, to be found in the record certified by the probate court to the circuit court. 2. That the paper or motion, filed in the probate court by respondent as the foundation of his claim and brought up from said court and supplied in such certified record, was insufficient to support the proceeding because it was not in the precise form of a demand against the estate filed by a creditor thereof.

With reference to the first ground mentioned, that there was no paper or statement whatever to be found in the record certified by the probate court, it will be observed that the objection was not, and is not, that no such paper was filed in the probate court, but only that it was not included in those accompanying the certified copy of the record in the latter court. As it was actually filed in the probate court and was the foundation of the particular action of the court in question, it was the duty of the party appealing from the judgment of the probate court to have included it in the record certified to the circuit court. And, as the appealing parties did not include it therein, respondent had the right when its absence was noted to send down to the lower court and procure it. There was no objection to the identity of the paper, but the objection was that the imperfect record certified could not be thus supplemented by respondent. Under section 295, Revised Statutes 1909, the "original papers" relating to the matters should accompany the certified copy of the record. As the paper in question did not accompany the certified copy of the record, respond-

ent could secure its production in the circuit court in any manner so long as its authenticity or identity as an "original paper" was not questioned. However, proof was made of its authenticity and no question of it was raised.

The second ground that even if the paper or motion thus supplied be considered a part of the record, it is insufficient to support the proceeding, is based upon the idea that an attorney's claim for services rendered the administrator in the work of settling an estate is a demand against the estate which the probate court has no power to allow unless it is presented in the form of a demand required by the statutes as in the case of creditors and other persons having claims against an estate.

If an attorney's fee for services rendered an administrator in the administration of an estate is a "demand" within the meaning of that term as used by sections 190 to 220, both inclusive, Revised Statutes 1909, then perhaps a motion for allowance of an attorney's fee in an estate might not be sufficient, since the attorney would have to conform to the requirements of section 201 of said statutes which provides that the claimant must "first make oath in open court, or file his affidavit with such claim, stating to the best of his knowledge and belief that he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed is justly due." But a claim for legal services rendered an executor or administrator in the administration of an estate is not a "demand" in that sense. It is a part of the necessary expenses of administration, which the probate court can allow out of the funds of the estate as a part of the proper administration and settlement of estates. It is not one of the "demands" spoken of by the statute, because section 190 makes no provision for its classification. [Nichols v. Reyburn, 55 Mo. App. 1, l. c. 8.] It is there said: "The very fact that all

demands exhibited in the probate court must be classified, and that the statute makes no provision for the classification of such a claim, seems to preclude the idea of *suit* by the claimant in the probate court." Again, if an attorney's fee for services rendered in the administration of an estate is a "demand" within the statutory meaning, then an attorney would have to present his claim, under section 191 of the statute as it now stands, within one year from the date of letters, if publication thereof is made within ten days, or if publication is not made in ten days, then within one year from the date of the last insertion of the publication of the notice. [Laws Mo. 1911, p. 81.] This would be required although the estate might be necessarily in process of administration longer than that time and the services not yet finished or performed. The fees due an attorney for services rendered in the administration of an estate are as much a part of the expenses and costs of administration as are the fees due the probate judge, and if one cannot be allowed, except upon the filing of a formal statutory demand, it would seem that the other could not either. It is true, in a number of cases cited by appellant, and in others not cited, claims for attorney fees are referred to as "demands against an estate," but the courts, in those cases, are not deciding whether such claims are "demands" within the statutory meaning here involved. They are merely discussing the question whether the claim of the attorney was a personal liability against the administrator *alone* or could be treated as payable out of the estate. Such are the cases of Matson v. Pearson, 121 Mo. App. 120; State ex rel. v. Walsh, 67 Mo. App. 348; Yeakle v. Priest, 61 Mo. App. 47. In yet other cases, such as Kingsbury v. Joseph, 94 Mo. App. 298, the expression is used in answering the defendant's contention that as the case was an action at law and no instructions were asked or given and no finding of facts made, an unsuccessful

plaintiff had not ground upon which to reverse the judgment. The court merely says it is an action at law, but that defendant's own evidence shows plaintiff is entitled to recover. In other cases, such as McDonald v. Tittman, Admr., 96 Mo. App. 536, the court is saying it cannot investigate the fact whether the services were rendered to the estate sued or some other estate, and in doing so, says the action is one at law. And in these cases it will be noticed the court says such claims will be "considered" or "treated" as actions at law. It is also apparent that nearly all, if not all, of said cases began in the circuit court in a direct, independent, action by the attorney against the estate. The proceeding did not originate in the probate court as a mere incidental order made by it in the administration of the estate in which it was made. The attorney can institute an independent suit in the circuit court if he chooses to do so. [Nichols v. Reyburn, Admr., 55 Mo. App. 1.] And the remarks of the court on page 8 of that decision that the statute, by making no provision for the classification of such a claim, "seems to preclude the idea of a *suit* by the claimant in the probate court." In other words, where, in the matter of an estate pending for settlement in the probate court, the administrator's attorney moves the court to allow an attorney's fee as a part of the administration expenses, and in exercise of the power of the probate court necessarily incident to the proper exercise of the duties of judicially administering said estate the allowance is made, such request is not the institution of an independent suit or the presentation of a "demand" as is contemplated by article 7, chapter 2 of the statutes in relation to "allowance and classification of demands." In fact, such proceeding is only a request of the court to fix the amount of the fee, and is no more an independent suit than is a motion in the circuit court to fix an attorney fee in a partition suit.

So that, so far as we have been advised, there is no case holding that an attorney, in the settlement of an estate in the probate court, cannot by written motion have the court to fix his fee, but must file a formal demand therefor showing a definite sum claimed, etc., as provided by section 201. On the contrary, our statute provides and our courts hold that such claims are expenses of administration and, if reasonable, must be allowed by the probate court. Our statute clothes the probate court with power to directly allow such a claim and order its payment out of the assets of the estate. [State ex rel. v. Walsh, 67 Mo. App. 348.]

The contention that the motion filed did not specify with sufficient particularity the definite items of legal service rendered cannot avail now. No motion or request for a more definite and certain statement of such services was filed. The objection was made in the form of an objection to the introduction of any evidence in the hearing before the circuit court. Under these circumstances the motion or statement is sufficient after trial on the merits. [Sandusky v. Courtney, Admr., 168 Mo. App. 325.] Being for services rendered the administrator in the administration and settlement of the estate, we think it was sufficiently definite. Had it been for legal services rendered the deceased in her lifetime, the services should have been specified more explicitly and would then have had to be in the shape of a formal "demand" as required by the statute since, in that event, the one presenting it would be a creditor of the estate on the same plane as any other.

Respondent's instruction No. 1 is complained of because it does not expressly confine respondent's right to recover to a period terminating November 30, 1910. Respondent's motion so confined it, and respondent testified that he was not asking for anything done after November 30th, and no evidence was offered of any services rendered after that date, nor did the evi-

dence as to the value of respondent's services include any rendered after that date. Consequently the instruction cannot be said to constitute reversible error because it did not limit the recovery to the date specified. We cannot presume that the jury allowed respondent for something he expressly told them he was not seeking, and concerning which no evidence was heard. For the same reasons it was not error to refuse appellant's instruction No. 4. Nor was there reversible error in failing to define the term "legal services." A definition would not have made the term plainer than did the evidence in the case. Besides, the term was used by both sides, and if appellants thought it necessary that the term should be defined they should have asked an instruction defining it.

There was no error in refusing appellants' instruction No. 5 not because it was a counterpart of respondent's instruction, but because, if given, it would have left the jury to guess at what legal advice would have been necessary and what unnecessary to enable the administrator to properly care for and administer the estate.

We cannot say that the verdict was excessive nor that its size shows that the jury was misled by anything done or said in the trial. It was $150 less than that allowed by the probate judge who was thoroughly conversant with all the facts and the work required and with the size of fees usually and ordinarily paid. In the suit of an attorney for his fee there is nothing to arouse the sympathies of jurors or to excite their passions in *favor* of the claimant. Consequently the verdict is persuasive evidence of the merit of the claimant rather than of error in the trial.

The judgment is affirmed. All concur.