STATE ex rel. ANNIE M. TEMPEL and GUSTAVE A. TEMPEL, Executors of the Estate of THEODORE H. TEMPEL, Relators, v. VITAL W. GARESCHE, Judge of the Circuit Court, City of St. Louis, Respondent.

St. Louis Court of Appeals. Opinion Filed February 5, 1918.

1. PROHIBITION: Demands against Estate: Legal Services: Probate and Circuit Courts: Concurrent Jurisdiction. A claim of an attorney for legal services rendered an estate at the instance of an executor, is a proper subject of a demand against the estate within the meaning of section 197, Revised Statutes 1909; and the circuit court has concurrent jurisdiction to try an action brought to recover for such services.

2. ———: ———: ———: Jurisdiction of Circuit Court. The circuit court has jurisdiction to decide whether or not legal services rendered at the instance of an executor are demands against the estate under section 197, Revised Statutes 1909, in a suit by an attorney against the estate seeking to establish his claim.

Original Proceeding in Prohibition.

WRIT QUASHED.

*D. J. O'Keefe* and *Rippey & Kingsland* for relators.

(1) Probate courts in this State are vested with exclusive, original jurisdiction to settle the accounts of executors and administrators. Art. 6, sec. 34, Const. of Mo.; Secs. 2292, 4056, R. S. 1909. (2) Circuit courts have no jurisdiction at law to allow attorney's fees for services in behalf of an estate in the course of administration for the reason that the liability for such services are but expenses of administration and not such demands as may be established by a judgment at law in a circuit court. 2 Woerner on Administration, sec. 356,

p. 819; Garnett v. Carson, 11 Mo. App. 290; Stephens
v. Cassity, 104 Mo. App. 210; Gurnee v. Maloney, 38
Calif. 85; Youngston v. Bond, 69 Neb. 356; State ex
rel. O'Brien v. Walsh, 67 Mo. App. 348. (3) Circuit
courts cannot assume jurisdiction in equity to adjust
and enforce payment for expenses of administration
out of the assets of the estate, unless special equitable
circumstances appear rendering the remedy afforded
in the probate courts inadequate. French v. Stratton,
79 Mo. 560; Pearce v. Calhoun, 59 Mo. 271; Matson &
May v. Pearson, 121 Mo. App. 120; Nichols v. Reyburn,
55 Mo. App. 1; Yeakle v. Priest, 61 Mo. App. 47.

*T. D. Cannon* and *F. C. O'Malley* for respondent.

(1) (a) The circuit court of St. Louis is a court
of general jurisdiction and has jurisdiction to hear and
determine the issues arising in the case of Cannon v.
Tempel, executors; prohibition should be denied. State
ex rel. Bernero v. McQuillen, 246 Mo. 517, 532. (b) A
writ of prohibition cannot be made to perform the
functions of an appeal or writ of error. Its purpose
is not to review and correct errors but to prevent the
usurpation of judicial authority. State ex rel. v. Kim-
mel, 183 S. W. 651, 652. (2) Circuit courts in this State
have jurisdiction to hear and determine an action
against the estate of a deceased person, by an attorney
at law, brought for the purpose of establishing a de-
mand for professional services, rendered by him, under
the employment of the Executor or Administrator for
the benefit of the estate. Section 197, R. S. 1909;
Nichols v. Reyburn, 55 Mo. App. 1; Matson et al. v.
Pearson, 121 Mo. App. 120; Bank v. Clifton, 263 Mo.
200.

ALLEN, J.—This is an original proceeding in pro-
hibition. The relators, executrix and executor of the
estate of Theodore H. Tempel, deceased, presented to
one of the judges of this court, in vacation, a petition
praying for a writ of prohibition against the respondent
judge to prohibit him from further entertaining juris-

diction of a certain cause pending before him, wherein
Thomas D. Cannon, Esq., attorney at law, is plaintiff,
and these relators are defendants. A preliminary writ
was issued to which the respondent duly filed his re-
turn; and the cause has been argued and submitted
to us as upon a demurrer to the return.

The conceded facts are as follows:

The estate of Theodore H. Tempel, under whose
will the relators are executrix and executor, is in proc-
ess of administration in the probate court of the county
of St. Louis. On September 14, 1917, Thomas D. Can-
non instituted the action mentioned above, in the circuit
court of the city of St. Louis, against the relators in
their representative capacity, to recover attorneys'
fees for legal services alleged to have been rendered
to the said estate at the instance and request of relator
Annie M. Tempel. The petition prays judgment in the
said sum of $754, the alleged reasonable value of the
services, and for an order directing the defendants
therein to pay such sum to plaintiff out of the funds of
the estate in their hands. Thereafter that proceeding
came before the respondent judge, sitting in Division
No. 14 of said circuit court, and he was proceeding to
entertain jurisdiction therein when halted by the issu-
ance of our preliminary rule in prohibition.

The question before us, therefore, is whether the
proceeding pending in the circuit court of the city of
St. Louis, mentioned above, is one within the jurisdic-
tion of that court. It is argued in behalf of the relators
herein that the probate court, wherein an estate is be-
ing administered, is vested with exclusive original
jurisdiction to make allowances for attorneys' fees for
legal services rendered the estate at the instance of
the executor or administrator; that such fees are a
part of the expenses of administration, to be allowed as
such by the probate court in settling accounts of the
executor or administrator, and are not demands against
the estate within the meaning of section 197, Revised
Statutes 1909; and that consequently the circuit court
has not concurrent jurisdiction with the probate court

to establish a claim of this character as a demand against the estate. The questions thus raised have frequently been before our courts.

In Nichols v. Reyburn, 55 Mo. App. 1, this court upon the authority of Gamble v. Gibson, 59 Mo. 585; State ex rel. Ziegenhein v. Tittmann, 103 Mo. 553, 565, 15 S. W. 941; Powell v. Powell, 23 Mo. App. 368, and other decisions cited, held that the claim of an attorney for legal services rendered at the instance of an administrator, and beneficial to the estate, was a proper subject of a demand directly against the estate; and that the circuit court had original jurisdiction of an action to establish such demand. And the ruling in that case to the effect that a claim of this character may be made the subject of a demand against the estate has been followed by this court in the following cases, viz.: Yeakle v. Priest, 61 Mo. App. 1. c. 50, 51; Matson & May v. Pearson, 121 Mo. App. 120, 97 S. W. 983; Mayhall v. Stoecker, 191 S. W. 1117. There is an early decision of our court to the contrary, viz., that in Garnett v. Carson, 11 Mo. App. 290, but it has not been followed.

In State ex rel. O'Brien v. Walsh, 67 Mo. App. 348, the Kansas City Court of Appeals, following Nichols' v. Reyburn, supra, held that the probate court is clothed with jurisdiction to allow an attorney's claim for legal services directly in his favor, and to order its payment out of the assets of the estate. However, in Stephens v. Cassity, 104 Mo. App. 210, 77 S. W. 1089, that court without reference to the Walsh case or the prior decisions of this court, supra, held to the contrary. Referring to the ruling in the Stephens case, this court in Matson & May v. Pearson, supra, 121 Mo. App. 1. c. 134, 97 S. W. 983, said: "This case, however, is not in harmony with the prevailing adjudications on the subject. It seems to ignore the entire trend of the adjudicated law in this State with respect to matters of this sort, and directly conflicts with both Nichols v. Reyburn, decided by this court, and State ex rel. v.

Walsh, 67 Mo. App. 348, decided by the Kansas City Court of Appeals.''

It will be seen therefore that relators' contention that a claim of this character cannot be made the subject of a demand against an estate, is not borne out by the trend of authorities in this jurisdiction. And if the claim sought to be enforced in the proceeding pending before the respondent judge is one which may be asserted as a demand against the estate, it cannot be doubted that it is justiciable in the circuit court which, by virtue of the statute, has concurrent jurisdiction with the probate court in such proceedings. [See Nichols v. Reyburn, supra; Matson & May v. Pearson, supra, and cases cited.] It is true that in Stephens v. Cassity, supra, it is said that the circuit court is without jurisdiction in such cases; but, as remarked above, this decision is out of line with the trend of authority on the subject in this State.

In this connection it should be said that though the relators deny that the circuit court has jurisdiction in an ordinary proceeding at law to establish a claim such as this, as a demand against an estate, they appear to concede that under exceptional circumstances the equity powers of the circuit court may be invoked in cases of this general character. And by this means it is sought to reconcile the cases in this State touching the matter in hand. But the distinction thus attempted to be made is obviously not a sound one. It is true that in Matson & May v. Pearson, supra, the suit was one in equity, but the decision in that case does not by any means proceed upon the theory that the jurisdiction of the circuit court over suits to enforce a claim for attorney's fees, as a demand against an estate, is contingent upon allegation and proof of facts making the case one of equitable cognizance. In that case equity was resorted to, not because it was essential to do so in order that the cause be brought within the jurisdiction of the circuit court, but in an effort to have the claim allowed as one taking precedence over claims of creditors generally.

That the respondent judge was not proceeding in excess of his jurisdiction in the premises, we regard as entirely clear. Indeed for our purposes we think that it would be sufficient to say that under the law the proceeding in question, pending before the respondent, belongs to a general class of cases over which the circuit court has, under the law, jurisdiction. In other words that court has concurrent jurisdiction with the probate court in suits to establish demands against estates. The plaintiff, in the action in the circuit court, is seeking to establish his claim as a demand against the estate, and it seems quite clear that the circuit court is vested with jurisdiction over the cause, with authority to determine, *inter alia*, whether the claim asserted is one which may, under the law, be enforced as a demand against the estate. In Richardson v. Palmer, 24 Mo. App. 480, the action was one in the circuit court to recover from an estate damages for fraudulent representations alleged to have been made by the defendant administrators in connection with the sale of an animal at an administrator's sale. It was held that the suit was one within the jurisdiction of the circuit court; though it was ruled that the estate was not liable for any false representations made by the administrators, and that the demurrer to the evidence should have been sustained. So much of the opinion of PHILIPS, P. J., in that case as dealt with the question of the jurisdiction of the circuit court was approved by the Supreme Court in State ex rel. Ziegenhein v. Tittmann, 103 Mo. 553, 15 S. W. 941, and it has been quoted approvingly by the Supreme Court in the recent case of Bank v. Clifton, 263 Mo. 200, 1. c. 216, 217, 172 S. W. 388.

We are here concerned only with the question of the *jurisdiction* of the circuit court; having naught to do with the merits of the cause pending therein. And in the view expressed in the immediately preceding paragraph we are not embarrassed by the decision in Stephens v. Cassity, supra, since we are bound by the recent decision of the Supreme Court in Bank v.

Clifton, supra, which we regard as here in point and hence controlling authority.

It follows that our writ herein was improvidently issued, and that it should be quashed. It is accordingly so. ordered. *Reynolds, P. J.*, and *Becker, J.*, concur.