———O———

RICHARD M. BRASHEARS, Defendant in Error, vs. PALLIS C. HICKLIN, et al., Plaintiffs in Error.

1. *Administrator—Final settlement, continuance of—Notification, failure of— Effect of.*—In 1860 an administrator gave statutory notice of a final settlement at the next term of Probate Court. At that term he filed his settlement; but on his motion, the same was continued till the next term. No further notice was taken of the settlement till 1870, when the administrator, without further notification, withdrew his final settlement and made a different and corrected one. *Held,* that the latter settlement had no binding force on the parties interested in the estate.

*Error to Louisiana Court of Common Pleas.*

*Ledford & Shields,* for Plaintiffs in Error.

*Ralls & Harison,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity, commenced by the plaintiff against the administrator and heirs of Thomas Hicklin, deceased.

From the record it appears, that in the year 1853 one Eliza Tapley died, leaving a last will, which was duly probated in October of the same year, and letters testamentary were granted on the estate to the plaintiff.

By the terms of the will, the testatrix bequeathed to Thomas Hicklin the sum of $1,742.50, together with certain specific personal property, and also one-third of the residue of the estate.

The plaintiff, as executor, paid to Hicklin the legacy and delivered to him the personal property a short time after he took possession of the estate.

It appears, further, that in August, 1860, he advanced to said Hicklin $1,760.98, and took his receipt therefor, in which it was specified, that after deducting whatever was coming to him as his residuary part in the Tapley estate, he was to repay the balance to the executor, with ten per cent. interest.

In 1861, the plaintiff, by a notice published in a newspaper, in pursuance of the statute, notified all persons interested in the estate, of which he was executor, that he would, at the next term of the Probate Court, make his final settlement. At the next term of this court he appeared and filed his settlement, which, on his motion, was continued to the next term.

No further action or notice of this settlement was taken for nine years. But, without any further notification whatever, in 1870 plaintiff appeared in court and withdrew his settlement filed in 1861, and then made a different and corrected settlement.

By this last settlement it was ascertained and claimed that a certain amount was due the plaintiff on account of money advanced to Thomas Hicklin, over and above what was due him as his residuary interest in the Tapley estate.

In 1860 Thomas Hicklin died, and his estate was duly administered on. The plaintiff did not, within three years, or at any other time, present any demand for allowance against Hicklin's estate, although he claimed that money was due him on account of advancing too much to Hicklin.

By an order of court, before this suit was instituted, Hicklin's administrator distributed the assets of the estate among the heirs.

The object of this proceeding was to specifically trace the money paid to Hicklin's heirs as a trust fund, and have it applied to the satisfaction of plaintiff's demand.

The court below found for the plaintiff, and rendered a judgment against the administrator, and also decreed that Hicklin's heirs should pay over certain moneys received by them from the administrator, and that upon a failure to make such payment, execution should issue.

The first question arising for decision, is whether the final settlement made by the plaintiff in 1870 is binding upon Hicklin's heirs?

The main reason why the law requires notice from an executor or administrator, that he will make final settlement of an estate, is that all parties interested may be advised, and appear at the proper time to examine the accounts and protect their rights.

In the present case the published notice was, that final settlement would be made at a certain term in 1861. At that term a settlement was filed, but no action was taken upon it. It was simply continued at the request of the executor. The whole matter was then permitted to lie for nine years. No further action or order by the court was had till in 1870, when the plaintiff, without any further publication or notice, came into court and withdrew the settlement filed in 1861, and made a new settlement, in which he made the liability of Hicklin much greater than it appeared to be in the former one. It is obvious that this practice should not be tolerated. It would lead to great abuse and injustice. It could not be reasonably expected that the parties interested in the estate would appear at every term of the Probate Court for nine years, to see whether the executor intended to make his final settlement. And these reasons have much more force in this case, where some of the parties were minors. After the lapse of such a length of time after publication was made, without taking any steps in relation to making final settlement, we think it was clearly the duty of the executor to give a new notice when he proceeded to make his final settlement.

Our opinion, therefore, is, that there was not a sufficient compliance with the law in the matter of publishing notice; and that the settlement has no binding force on the parties interested in the estate.

Again, it is averred in the answer of the administrator, and not denied in the replication, that the administrator of Hicklin gave due notice of the grant of letters of administration to him, in accordance with the statute, and that the plaintiff did not present this claim for allowance against the estate within three years. If this is true, it is not perceived on what grounds the statutory bar can be avoided. The debt claimed to be due to the plaintiff was an advance of money made by him to Hicklin, a part of which the latter promised to refund with interest. Whatever there was found to be due was the obligation of Hicklin, and should have been presented for allowance against his estate.

The result is that the court erred in its rulings, and the judgment must be reversed and the cause remanded.

The other judges concur, except Judge Sherwood, who is absent.