HUGHES, *Plaintiff in Error,* v. HUGHES.

**Partition** : SALE AFTER EXPIRATION OF ORDER OF SALE IS VOID. An order of sale in partition expires with the term at which the sale is required to be made, and if for want of bidders, no sale takes place at that term, a renewal of the order must be procured before any further steps can be taken. A sale at a subsequent term without such renewal is void.

*Error to Audrain Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*Thos. N. Musick* for plaintiff in error.

*M. Y. Duncan* for defendant in error.

HENRY, J.—This is an action of ejectment for the recovery of the southwest quarter of section 35, township 52, range 7, lying in Audrain county. The answer is a general denial. There was a trial, which resulted in a judgment for defendant, and plaintiffs have brought the case to this court on a writ of error. Both parties claim title under the heirs of Lucy Modisett, deceased. The plaintiffs offered in evidence a warranty deed from six of the eight heirs, to Benj. N. Modisett, one of the heirs, conveying to him all their right and title to the west half of

said quarter section. Lucy Skinner, the plaintiff, nor her sister Sarah, who together inherited one-eighth of said land, was a party to that deed. Benj. N. Modisett and wife conveyed said land to David W. Hughes, and it was afterward sold, under an execution against said Hughes, to Jacob Sosey, Granville Keller and the plaintiff, Andrew Spalding, who received a sheriff's deed therefor. Sosey and Keller subsequently conveyed it to Margaret Hughes, wife of her co-plaintiff, David W. All of the foregoing conveyances were made pending a suit for partition of said land in the Audrain circuit court, in which a portion of the heirs of Lucy Modisett were plaintiffs and all the heirs were parties. In that cause there was an interlocutory judgment of partition at the May term, 1857, and commissioners appointed to make partition of the land. On the 24th day of September, 1857, they made their report to the court, that it was not susceptible of division, etc. Next follows a report of sale made to the court by the sheriff, stating that, in accordance with an order of sale made by the court, he sold said land on the —— day of November, 1858, to C. D. Modisett, who neglected to comply with the terms of sale. At the November term, 1857, of said court, it appears that a motion was filed by parties to the suit, to set aside said sale. What became of said motion does not appear, but at the April term, 1859, the curator of the estate of the Skinner children filed a motion to set aside said sale. No other entry occurs until the April term, 1863, when Frank Cave, late sheriff, makes report of the sale of said land under an order of the court to C. D. Modisett, who had failed to comply with the terms of the sale, whereupon, on motion of plaintiffs, by their attorney, said sale was set aside by the court, and the land ordered to be sold by the sheriff at the next October term of said court, upon the same terms as in the former order, and the cause was continued. At said October term it was offered for sale by the sheriff, but not sold for want of bidders, and the sheriff made report of the facts to the court, as required

by law, and without any renewal of the order of sale, the sheriff, at the April term, 1864, sold the same to R. R. Ringo, who received the sheriff's deed for the land.

Defendant attempts to defend against plaintiffs by showing title under the partition proceedings in persons claiming under Ringo, and the only question is, whether or not Ringo acquired a title by the sheriff's sale and conveyance to him. The record is confused and some portions are unintelligible, and many questions are raised by appellant's counsel, and discussed in the briefs; but as the decision of one point in the case disposes of the main question, we shall not notice any other. It nowhere appears that after the failure of the sheriff to sell at the October term, 1863, for want of bidders, there was any renewal of the order of sale. An order of sale in a partition suit, as an execution on a judgment in any other case, is the sheriff's authority to sell, and without an order of sale, he can no more sell than without an execution in an ordinary suit, he could levy upon and sell property to satisfy the judgment therein. Where there has been a failure to sell under an order made, " by reason of the failure of the term of court or other causes," the statute of 1855, as is the case under the statute of 1865, provides that: " The court, or the clerk in vacation, shall renew such order of sale generally, without specifying any time for sale, and the clerk shall, without delay, deliver a certified copy of such order to the sheriff, who shall then proceed to advertise, to sell," etc. There is no provision of the statute, as in case of an execution, to keep the order alive, after the term at which it requires the sale to be made, and the sheriff had no more right to sell without a renewal order, than if there never had been an order of sale made in the cause. The sale and conveyance to Ringo, therefore, did not pass the title to the property. All concurring, the judgment is reversed and the cause remanded.