CARSON, *Appellant*, v. HUGHES *et al.*

Partition : ORDER OF SALE, EXPIRES WHEN : SALE, WHEN VOID. An order of sale in partition expires with the term at which the sale was required to be made, and where no sale is made at the required term, it cannot be made at a subsequent term without a renewal of the order by the court or clerk, and a sale at a subsequent term without the renewal of the order of sale is void. (Affirming *Hughes v. Hughes*, 72 Mo. 186).

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Macfarlane & Trimble* for appellant.

(1) A sale of land for partition is a judicial sale. Rorer on Judicial Sales, sec. 33; *Williams' case*, 3 Bland, 215; *Beauregard v. New Orleans*, 18 How. 497; *Insurance Co. v. F. & M. Bank*, 57 Pa. St. 394. The sale when complete is the act of the parties to the suit. *Pentz v. Kuester*, 41 Mo. 450; *Strawbridge v. Clark*, 52 Mo. 21. (2) A judicial sale is, in contemplation of law, a sale *pendente lite;* a sale in court and the court is the vendor. The sale is a judicial act and not a ministerial act of the officer making it, as is the case under execution sales. Rorer on Judicial Sales, secs. 7, 15, 17; *Mason v. Osgood*, 64 N. C. 467; *Sturdy v. Jacoway*, 19 Ark.; *Armor v. Cochrane*, 66 Pa. St. 308; *Gowan v. Jones*, 10 S. and M. 164; *Griffith v. Fowler*, 18 Vt. 394; *Murray v. Yates*, 73 Mo. 16; *Medhurst v. Wait*, 3 Bun. 1259. (3) A judicial sale, being then a judicial act, a part of the proceedings *pendente lite*, has the same conclusiveness, as to the parties to the action, that any other judicial step taken in the case has. Confirmation of the sale gives finality to the pro-

ceedings and is conclusive upon the parties. The deed is not subject to collateral attack. The confirmation is a judicial decision that the sale is valid, and the parties to the suit are estopped to deny its validity when questioned collaterally. If aggrieved their remedy is by appeal or writ of error. Rorer on Judicial Sales, secs. 13, 113; *Losell v. Rowell,* 7 Cald. 282; *Harrison v. Harrison,* Md. Ch. 332; *Koehler v. Ball,* 2 Kan. 160; *Phillips v. Dawley,* 1 Neb. 320; *Henry v. McKerlie,* 78 Mo. 430; *Exendine v. Morris,* 76 Mo. 416; *Castleman v. Relfe,* 50 Mo. 583. (4) It is not essential that an approval of a sale of real estate appear by a formal record entry. It is sufficient if it can be gathered from the whole record. *Jones v. Manley,* 58 Mo. 559; *Grayson v. Weddle,* 63 Mo. 523; *Henry v. McKerlie,* 78 Mo. 430. The acknowledgment before the court sufficiently shows the approval of the sale. *Potter v. Thomas,* 58 Mo. 163. (5) Section 3374 is merely directory. The order of court is the sheriff's authority to sell. The certified copy of the order only advises the sheriff as to his duty. A failure to renew the order by the court or clerk could not injuriously affect the parties in interest, when the sale was not properly reported. A compliance with the requirements of this section is a matter of convenience rather than of substance. Sedgwick on Cons. of Stat., 116 to 123; *Regele v. Schumaherm,* 19 Barb. 540; *City of Cape Girardeau v. Riley,* 52 Mo. 424; *Davis v. Wood,* 7 Mo. 162. (6) Section 3374 applies only in case of a failure of the term of court. The general words "or other cause," contained in the section, will be restricted to those of the same kind as "failure of the term of court," and will not include "want of bidders." Sedgwick on Cons. of Stat., 360; *State v. Pendleton,* 30 Mo. 376; *St. Louis v. Laughlin,* 49 Mo. 559; *State v. McGarry,* 21 Wis. 496. (7) A sale and deed made by the sheriff without the previous direction of the court, or clerk in vacation, and without

subsequent confirmation by the court, would not pass the title. The sale would not be judicial and the decision rendered in *Hughes v. Hughes*, 72 Mo. 136, upon the record then before the court, was certainly correct. This record is now supplemented by additional record of the court, showing that it was informed of the sale, confirmed it, and directed the execution of the deed. If a renewal of the order were essential to the validity of the sale, in view of the fact that the sale was approved, the presumption would be that such order was made. An order by the clerk in vacation need not be of record, though the order is necessary to give jurisdiction. *Browley v. Roerney*, 67 Mo. 283. The order of renewal to be made by the clerk in this case was not jurisdictional. (8) The judgment in the ejectment suit of *Hughes v. Hughes* is no bar to this action, though between the same parties and for the same property, and though the titles and defences in both actions were the same. *Kemmell v. Benna*, 70 Mo. 52.

*Thos. H. Musick* for respondents.

(1) The first point for the attention of the court is, whether, having years ago decided not only this case, but the legal principles upon which it rests, will now, in a new action between the same parties, on the same facts and involving the same property, reconsider its decision to ascertain whether or not there was error. *Adair Co. v. Ownby*, 75 Mo. 282 ; *Musser v. Brink*, 80 Mo. 350. (2) It is admitted that a judgment in ejectment is not a bar to another suit between the same parties for the same property. *Kemmell v. Benna*, 70 Mo. 52. (3) But this doctrine has reference to trial courts, and it does not follow that courts of appeal in ejectment, any more than in other actions, may review settled constructions of law. (4) So the point remains, which shall prevail, the doctrine that all Supreme Court decisions are *res judi-*

*cata*, or that there is an exception in favor of ejectment suits the same as in the lower courts. (5) Unless public policy, or some legal rule or logical necessity requires, it is contended that the general doctrine, and not the exception should prevail. (6) It is submitted that public policy demands that the general doctrine should prevail, first, because the solemn decisions of this court become rules of property on which titles are acquired and rest; and, secondly, the exception would tend to encourage carelessness in partition and other land proceedings. (7) It is said that hard cases make bad laws, but there is no contravening hardship in this case, as Mr. Ringo, through whom the appellant claims, bid off a half section of the land for only fifty dollars, while respondents represent the heirs whose interests were thus sacrificed during the troubles of the war. (8) The sale was not a judicial sale, because there was no approval. *Murray v. Yates*, 73 Mo. 16. (8) The acknowledgment of the deed before the court is not an approval, because such acknowledgment may very well have been taken without the court having in mind the character of the case, the relation of the parties, or even without the parties being in court at all. *Pomeroy v. Allen*, 60 Mo. 350 ; *Parkinson v. Caplinger*, 65 Mo. 290. (10) An approval of a partition sale is a judicial act requiring all parties in interest to be before the court. The acknowledgment of a sheriff's deed is a ministerial act, requiring the presence of no other parties or persons. (11) Section 3374, Revised Statutes, is not directory merely. (12) It is admitted in appellants' brief that the decision in *Hughes v. Hughes*, 72 Mo. 136, is correct, as the evidence stands in that case. The only additional evidence is cumulative and, even if considered new and additional, shows no approval of the sale.

BLACK, J.—This is an action of ejectment to recover the same land sued for in *Hughes v. Hughes*, 72 Mo. 136.

The case now, as then, turns upon the validity of the sheriff's deed to Ringo made in the partition proceedings of Susan M. Rice et al. v. Caroline B. Means et al.    By the order of sale, made at the April term, 1863, of the Audrain circuit court, the sheriff was directed to sell the lands at the following October term.    No sale was made at that term, but the sheriff, without a renewal of the order either by the clerk or the court, sold the land at the April term, 1864.    No formal order was made approving the sale.    To correct some errors a new deed was made out in 1872, and the record entry of the acknowledgment of that deed was put in evidence on the trial of this cause, but not in the former case.    It was expressly ruled, in the former case, that the sheriff had no power to sell without a renewal of the order, either by the court or clerk, and for that reason the sale was void.    The production of the entry of the acknowledgment cannot change the result.    The certificate of the acknowledgment endorsed on the deed, when offered in the former case, imported, *prima facie,* at least, the existence of such an entry.    The deed, if void then, is still void, and on the authority of that case, this one is affirmed.    All concur.