## G. H. WALSER v. W. A. GILCHRIST, Appellant.

### Division Two, May 18, 1909.

1. **PARTITION: Order of Sale: Not Renewed.** Where a term of court intervened between the order of sale and the sale of the property in a partition suit, and there was no renewal of the order to sell, the sale is void.

2. ————: ————: ————: **Approval of Sale.** Where two terms of court intervened between the order of sale and the date of the sale, and the sale was made without a renewal of the order, the sale is void; and an approval of the sale by the court when so made, does not amount to a renewal of the order, and does not cure the invalidity of the void sale.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

Reversed.

*Russell & Deal* for appellant.

The order of sale, not having been renewed from term to term as required by law, was absolutely void, and conferred no authority upon the sheriff to make the sale. G. S. 1865, sec. 32, chap. 152; Hughs v. Hughs, 72 Mo. 136; Carson v. Hughes, 90 Mo. 173.

*Jno. C. Brown* for respondent.

(1) The cases cited by appellant are not in point. The order of sale they refer to commanded the sheriff to sell at a specified term of court, to-wit, the October term, 1863, and his sale at a subsequent term was held invalid. 72 Mo. 137. The order of sale upon which respondent's deed is based did not require the sale to be made at any particular term of court. (2) Executions must be made returnable at the first or second terms of the court after they are issued. Sec. 4, ·chap. 160, G. S. 1865; sec. 3154, R. S. 1899. (3) The law did not direct that sales in partition should be made at any particular term of the court; on the contrary, it directly prohibited the court from fixing the time for the sale, thus giving the sheriff the right to sell at such term as he might decide would be most advantageous to the owners of the land. Sec. 31, chap. 152, G. S. 1865; Patton v. Hanna, 46 Mo. 316. (4) The provision of the law requiring sales in partition to be governed by the same rules as sales under execution has no reference to the term or time when sales in partition should take place. Patton v. Hanna, supra. (5) Sec. 32, chap. 152, p. 614, G. S. 1865, relating to the renewal of orders of sale in partition, should be so construed as to authorize a renewal order of sale only when the sheriff has advertised a sale and filed a report showing that no sale has taken place "for failure of the term of the court or other cause." Any other construction of this section makes it conflict with section 31 of the same chapter, which directly prohibits the court from fixing a date for the sale. State v. Heman, 70 Mo. 451; Cole v. Railroad, 47 Mo. App. 628; State ex rel. v. Field, 112 Mo. 554. (6) The statute relating to renewing orders of sale in partition suits provides that they may be renewed by the "court or clerk thereof in vacation" without notice or adjudication of any kind; all such statutory requirements not

substantially affecting the rights of the parties are uniformly construed as merely directory, and a failure to comply with them is cured by the approval of the sale and the order that a deed be made to the purchaser. Robbins v. Boulware, 190 Mo. 43; Young v. Schofield, 132 Mo. 668; Cochran v. Thomas, 131 Mo. 275; Noland v. Barrett, 122 Mo. 188. (7) It is the policy and duty of courts to uphold judicial sales. Jones v. Manly, 58 Mo. 565; Price v. Real Estate Assn., 101 Mo. 107; Wilcoxen v. Osborn, 77 Mo. 631. (8) Especially is this true of partition sales which are treated "as a sale by the parties themselves as well as by the judgment of the law." Pentz v. Kuester, 41 Mo. 450; Budd v. Collins, 69 Mo. 137; Cochran v. Thomas, 131 Mo. 277. (9) Actions to partition real estate, while statutory, are also equitable in their nature, therefore no necessity exists for a renewal of the order of sale in such action. Hammer v. Cook, 118 Mo. 477; Cochran v. Thomas, 131 Mo. 272. (10) Defendant introduced no evidence and so far as the record shows he is a stranger to the title. By failing to introduce any evidence of his claim, he is in no better position than had he simply filed a general denial, and therefore is not in position to claim that the judgment injures him. Gilchrist v. Bryant, 111 S. W. 1128.

BURGESS, J.—This suit was instituted under section 650, Revised Statutes 1899, for the purpose of determining the title to the northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter of section 18, township 23, range 17, in Mississippi county, Missouri.

The land in controversy was selected as swamp lands, under the Act of Congress of September 28, 1850, the selection having been approved November 22, 1854. Plaintiff offered in evidence two swamp land patents, dated April 19, 1859, recorded in the deed rec-

ords of Mississippi county on April 1, 1905, from the State of Missouri to Charles Tucker, each conveying forty acres. He next produced in evidence a certified copy of a decree in partition rendered by the circuit court of Barton county, Missouri, on the 8th day of October, 1869, in a suit wherein the heirs of Charles Tucker were all parties, in which decree the court ordered the sheriff of Mississippi county to sell the land in controversy at public sale for cash, and divide the proceeds of the sale among the heirs, and to execute a deed or deeds to the purchaser of said real estate.

The plaintiff, G. H. Walser, testified in substance that Charles Tucker died in Barton county in the year 1867 or 1868, and that he, plaintiff, was administrator of his estate; that as such he became well acquainted with the heirs of Charles Tucker (naming them), all of whom were parties to the suit in partition in the circuit court of Barton county, at the October term of said court, 1869, and that he bought the land in controversy on the 23rd day of November, 1870, and was the owner thereof.

Plaintiff next offered in evidence a sheriff's deed, dated November 30, 1875, from William P. Swank, sheriff of Mississippi county, conveying to him the land in controversy, the said deed reciting, in substance, that on November 23, 1870, George A. Jackson, the then sheriff of Mississippi county, under and in pursuance of the judgment and order of the circuit court of Barton county, sold said described land to Charles Tucker, he being the highest and best bidder, for the sum of ten dollars. Said deed further recites:

"And whereas, the said George W. Jackson, the sheriff who sold said land, has left the State of Missouri, and that he failed to make the deed to said Walser for such land in pursuance to said sale;

"And whereas, on the 26th day of October, 1875, the circuit court of the county of Barton, on the petition of said George H. Walser, to require me, the pres-

ent sheriff of said Mississippi county, Missouri, to execute a deed to said land, found that said purchase money had been fully paid, and that said George W. Jackson, former sheriff of said county, had removed from this State, and that said George H. Walser had purchased said land at said sale, said court ordered that I, William P. Swank, execute a deed to George H. Walser for said land;

"Now, therefore, in consideration of the premises and of the said sum of ten dollars paid by the said George H. Walser, and by virtue of the authority in me vested, I, William P. Swank, sheriff as aforesaid, do hereby assign, transfer and convey all the right, title and interest and estate of the said (here follow the names of Charles Tucker's heirs) of, in and to the above described real estate, that might or was sold by virtue of said order as aforesaid. To have and to hold the right, title and interest and estate hereby conveyed unto the said George H. Walser, his heirs and assigns forever," etc.

Plaintiff also offered in evidence a certified copy of the order of the said circuit court of Barton county, made on the 26th day of October, 1875, directing William P. Swank, sheriff, to execute a deed to Walser for the land in controversy.

The defendant offered no evidence, but at the close of plaintiff's evidence he asked the court to declare the law to be "that the plaintiff has failed to show that he has any title to the property sued for, and the finding should be that plaintiff has no title," which the court refused to do, the defendant excepting.

The court rendered a decree, which was entered of record, finding that the plaintiff was the owner of the real estate described, and that the defendant has no right, title, estate or interest therein. The defendant, after an unavailing motion for a new trial, appealed from said judgment.

As defendant contends, the law in force in October, 1869, when the decree in partition was rendered, provided that the circuit court should be held in Barton county, Missouri, on the sixth Mondays after the fourth Mondays in February and August. [Laws 1868, p. 34.] According to the recitals in the sheriff's deed, read in evidence, the sale therein described did not take place until the 23rd day of November, 1870, which was more than one year after the order of sale was made, and two terms of the Barton Circuit Court must necessarily have intervened between the date of the order and the date of the sale; that is to say, the terms of court held on the sixth Mondays after the fourth Mondays in February and August, 1870. There is no evidence in the record that the order of sale was ever renewed from term to term as required by law, and for this reason the defendant insists that the sheriff's sale was absolutely void and conferred no authority upon the sheriff to make the deed.

In Hughes v. Hughes, 72 Mo. 136, it is held that an order of sale in partition expires with the term at which the sale is required to be made, and if, for want of bidders, no sale takes place at that time, a renewal of the order must be procured before any further steps can be taken, and a sale at a subsequent term without such renewal is void.

Carson v. Hughes, 90 Mo. 173, was an action in ejectment to recover the same land sued for in Hughes v. Hughes, supra. The court said: "By the order of sale, made at the April term, 1863, of the Audrain Circuit Court, the sheriff was directed to sell the lands at the following October term. No sale was made at that term, but the sheriff, without a renewal of the order, either by the clerk or the court, sold the land at the April term, 1864. No formal order was made approving the sale. To correct some errors a new deed was made out in 1872, and the record entry of the acknowledgment of that deed was put in evidence on the trial

of this cause, but not in the former case. It was expressly ruled in the former case that the sheriff had no power to sell without a renewal of the order, either by the court or clerk, and for that reason the sale was void. The production of the entry of the acknowledgment cannot change the result. The certificate of the acknowledgment indorsed on the deed, when offered in the former case, imported, prima-facie at least, the existence of such an entry. The deed, if void then, is still void, and on the authority of that case, this one is affirmed.''

Plaintiff, to obviate the force of the defendant's contention, says that, while the two cases relied upon by defendant have not been directly overruled by this court, the theory upon which they rest has often been repudiated in subsequent decisions; that section 32, chapter 152, General Statutes 1865, provides that sales in partition may be renewed by ''the court or clerk thereof in vacation,'' and that as no notice of the application for these renewals is prescribed, and no adjudication of any kind contemplated, they are not intended to affect the rights of the parties, and, therefore, the statute prescribing these renewals should be treated as merely directory, and that if there was a failure to comply with such statute in the case at bar, it was cured by the approval of the sale and the order of the court to make the deed to the plaintiff.

But the record does not directly show the approval of the sale upon which plaintiff's deed depends, but conceding that it does show, as contended by plaintiff, that the court made a finding that the purchase money had been paid, and ordered a deed made by the sheriff to the plaintiff, this was not equivalent to a renewal order of sale, because the approval of a sale which was at the time void and dead did not instill new life into it. Plaintiff calls our attention to Robbins v. Boulware, 190 Mo. 33, wherein it is held that a failure to advertise the sale of land as required by law was a

mere irregularity, not affecting in a substantial degree the rights of the parties, and was cured by the approval of the sale. Substantially the same rule is announced in Cochran v. Thomas, 131 Mo. 278; Noland v. Barrett, 122 Mo. l. c. 188; Young v. Schofield, 132 Mo. 668. But these cases are not in point, and have to do with mere irregularities, while in the cases cited by the defendant the sheriff's deeds were held to be absolutely void.

It is said by plaintiff that the court had jurisdiction; but conceding that it had, that conferred no authority upon it to decide the case contrary to the law.

As neither party showed title to the land, the demurrer to the evidence interposed by the defendant should have been sustained.

The judgment is reversed. All concur.