THOMAS CRUMP and ZULA MURPHY, Respondents, v. J. D. HART and W. R. MURPHY, Administrators of the estate of SARAH J. CRUMP, deceased, VIRGINIA HART, MINNIE MURPHY, FENTON GRIFFIN AND MARY STROTHER, Appellants.

### Kansas City Court of Appeals, May 24, 1915.

1. **ACCOUNTING: Probate Courts: Res Adjudicata.** Where in the judgment of final distribution of an estate certain notes are turned over to the widow, as property which had belonged absolutely to the testator and in which he had bequeathed to her a life estate, she being a party to that proceeding was bound by it, and neither she nor her heirs could thereafter attack the judgment collaterally.

2. ——: ——: ——. Final settlement and distribution of an estate is a bar to any showing that notes held by the executors did not belong to the estate in whole or in part and the issue aired by the pleadings must be *held* to be *res adjudicata* as to the parties then before the court and their privies.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*N. T. Gentry* for appellants.

*Finley & Sapp* for respondents.

JOHNSON, J.—This is a suit in equity for an accounting, filed in the circuit court of Boone county, May 15, 1914, by Thomas Crump and Zula Murphy, against the administrators of the estate of Sarah J. Crump, deceased, and her heirs and distributees. The court decided the issues raised by the pleadings in favor of plaintiffs and rendered judgment in accordance with the prayer of the petition. Defendants appealed.

The facts of the case are as follows: Granville Crump died testate in Boone county in February, 1907. He was survived by his widow, Sarah J. Crump, by four of their children—the present defendants, Virginia Hart, Minnie Murphy, Fenton Griffin and Mary Strother, and by plaintiffs, his two grandchildren through a former marriage. In his will he devised and bequeathed his real and personal estate to his widow "to have and to hold for her natural life," and provided that at her death the estate remaining in her hands should be divided equally among the said children and grandchildren, share and share alike. Among the assets of the estate, which was duly administered in the probate court of Boone county, were two promissory notes executed to Granville Crump by O. B. Hart and E. L. Murphy, respectively, and these notes were held by the administrator of the estate with will annexed, and on final settlement were turned over to the widow who receipted for them May 18, 1909, as follows:

"Received of J. D. Hart, Admr., with will annexed, of the estate of Granville Crump, deceased, . . . two notes, one executed by O. B. Hart and the other by E. L. Murphy, the same being the amount due me as sole legatee under said will, as shown by final settlement of said estate, this day filed with the probate court."

Mrs. Crump held these notes until her death which occurred in Boone county, February 19, 1913. Afterwards the defendant, administrators of her estate (she died intestate), inventoried them as assets belonging to her estate, collected them and were about to make final settlement when this suit was brought. Under the terms of the will of Granville Crump, each plaintiff had a one-sixth interest in the proceeds of the notes and the purpose of the present suit is to secure that interest for them, but if the notes were the property of Sarah J. Crump at the time of her death plain-

tiffs had no interest in them, since the four children of Granville and Sarah J. Crump were her sole heirs and distributees.

In their answer the defendant children do not claim that these notes were the sole property of their mother, but do allege that though Granville Crump was the sole payee of the notes, they ''were executed for borrowed money, which money belonged to said Granville Crump and Sarah J. Crump in equal parts'' and that plaintiffs, therefore, have each a one-sixth interest under the will in only one-half of the proceeds of the notes which share ''defendant administrators were ready and willing and offered to pay the plaintiffs before the institution of this suit and are now ready and willing to pay them and the remaining defendants were willing that said administrators should pay said sum to each of the plaintiffs.''

The reply pleads estoppel and that the claim of defendants that Sarah J. Crump owned a half interest in the notes at the time of her husband's death and of her own death is *res adjudicata* and is barred by limitations.

There is evidence introduced by defendants, which tends to support the allegations of their answer that the notes in controversy were taken by Granville Crump for money he loaned to the makers which belonged to him and his wife in equal shares and that before his death he admitted to various witnesses that his wife had such interest in the notes. There was no contradictory evidence and in our treatment of the case we shall regard as settled the fact that half of the money loaned by Granville, for which the notes payable to him were taken, belonged to his wife and that, as payee of the notes, he acknowledged a fiduciary duty to account to her for one-half of their proceeds.

As to her interest in the property, he became her trustee and continued in that relationship to his death. After that event, notwithstanding his will gave her a

life estate in all his property including his interest in these notes, she would have had the right to resort to equity to decree a resulting trust in her favor for the absolute interest she owned in the notes, since the death of the trustee did not abrogate or impair the trust. [Moss v. Ardrey, 260 Mo. 595.] She did not, either in or out of court, claim or attempt to establish such trust. Without protest and, apparently with approbation, she allowed the administrator of her husband's estate, with will annexed, to inventory and hold the notes as the absolute property of the estate in which she had no other interest than that granted to her by the will, and, on the final settlement of the estate to which she was a party, she suffered the notes to be adjudged and delivered to her as property bequeathed to her in the will, and in which she had no other interest than that defined in the will. She receipted for the notes as property "due me as sole legatee under said will," and thus declared, in effect, that she claimed no other interest in the property.

A final settlement and order of distribution in the probate court has the force of a judgment as to all matters necessarily involved in the settlement (Camden v. Plain, 91 Mo. l. c. 129) and the proceedings of probate courts are as impregnable to collateral attack as the proceedings of other courts of record. [Rowden v. Brown, 91 Mo. 429.] Since in the judgment of final distribution the notes were turned over to the widow as property which had belonged absolutely to the testator and in which he had bequeathed her a life estate, she being a party to that proceeding, was bound by it, and neither she nor her heirs could thereafter attack the judgment collaterally as defendants are attempting to do in this action. [Young v. Byrd, 124 Mo. 590.] As was held in the case just cited the final settlement and distribution was a bar to any showing that the notes did not belong to the estate in whole or in part and the issue raised by the answer must be held to be

*res adjudicata* as to the parties then before the court and their privies.

It is not necessary to go into the question of estoppel or limitation since the claim of defendants, as we have shown, is *res adjudicata*. The judgment is affirmed.

All concur.