A. D. HEWITT, RESPONDENT, v. ESTATE OF HENRY C. DUNCAN, APPELLANT, ELIZABETH J. DUNCAN, ADMX.—42 S. W. (2d) 87.

Kansas City Court of Appeals. December 1, 1930.

*Daniel H. Frost, Edward G. Robinson* and *A. D. Hewitt* for respondent.

*R. H. Musser* and *Cooper, Neel, Kemp & Southerland* for appellant.

CAMPBELL, C.—In July, 1925, Henry C. Duncan died testate and letters of administration were issued on his estate by the probate

court of Clinton county, Missouri, to Elizabeth J. Duncan who thereupon qualified and proceeded to administer the estate. On the 29th day of August, 1928, plaintiff filed a demand against said estate, claiming that he, as an attorney at law, had been employed by said executrix and had rendered service under said employment and that there remained due to him on account of such service the sum of $3650, being the reasonable value of his service. Later the said probate court, on application of the executrix, ordered that the cause be certified to the circuit court of Clinton county, Missouri, for hearing and determination, and the cause was thereupon duly transmitted to said circuit court in compliance with that order. Defendant presented a plea in bar which was taken up, heard, and by the court overruled. The evidence to support that plea is that the executrix caused notice of the grant of letters to be timely published, advising all persons having claims against the estate to exhibit them within the statutory period; that later she caused notice of final settlement to be published in which it is recited that final settlement of said estate would be made in the probate court of Clinton county, Missouri, on the 9th day of August, 1926. A settlement, asserted by appellant to be a final settlement was, in fact, filed on May 31, 1928. The probate court entered a general order of continuance in said estate on July 28, 1926, and at its November term, 1926, entered an order in which it is recited that settlement is continued until the next regular term of the court. A like order was entered on April 28, 1927. No further order was entered in the cause until on the 31st day of May, 1928, when the court entered its judgment approving the settlement that day filed by the executrix, reciting in the order the settlement had been examined by the court and that it appeared that the estate had been fully administered, and all allowed claims, together with costs of administration, had been paid, and ordered that the executrix be discharged upon filing receipt showing payment of inheritance taxes. The plaintiff's demand was not filed until the adjournment of the term of court at which the aforesaid order was entered. The court overruled the plea in bar, and that ruling is assigned as error.

Appellant relied upon the well established doctrine announced in Crump & Murphy v. Hart & Murphy, 189 Mo. App. 572, 176 S. W. 1089, and numerous other cases, that the judgment of a probate court approving a final settlement is not subject to collateral attack. Respondent says that if notice of the intention to make final settlement is not published as required by statute, then, of course, a probate court would not have jurisdiction to render a judgment approving a final settlement and a judgment thus rendered would be void. This doctrine is also well established. [State ex rel. Toler v. Ennis et al., 7 S. W. (2d) 737, 739; State ex rel. v. Holtcamp, 266

Mo. 368, 181 S. W. 1007.] It is also well settled that until a decree is entered in the probate court discharging the executor or administrator, the office continues. [Francisco v. Wingfield, 161 Mo. 542, 564, 61 S. W. 842.] If the notice of final settlement was not published as required by law, the office of the executrix continued and plaintiff's demand was timely filed.

The question for decision on this point is, was notice of final settlement published as required by statute? The publication advised interested parties that final settlement of the estate would be made on August 9, 1926. The final settlement. (so called) was sworn to on May 26, 1928, and filed on May 31, 1928. The first line in that settlement is "to balance settlement May 11, 1927, $18,250.05." It is then shown that the executrix thereafter collected two items; the total of which is $10,710. In the credit column of the settlement various sums are set forth without stating when the same were paid. The total of these items is the same as the total in the debit column. It is not recited in this settlement that the estate had been fully administered nor that all debts of the estate have been paid. The settlement, upon its face, indicates that there was a settlement in May, 1927; that after that settlement more than $10,000 had been received by the executrix. If settlement was made in May, 1927, then the notice that final settlement would be made on August 9, 1926, could not apply to the settlement filed May 31, 1928, and the case would fall within the rule announced in State ex rel. v. Ennis, supra. But regardless of that question the notice that final settlement would be made on August 9, 1926, was not sufficient to confer jurisdiction on the probate court to render the judgment approving the settlement filed May 31, 1928. [Brashear v. Hicklin, 54 Mo. 102, sec. 229, p. 109, Laws 1923.] The conclusion stated, is by parity of reasoning supported by the holding in Walser v. Gilchrist, 220 Mo. 314, 119 S. W. 413, to the effect that if a judgment in partition orders that the sale be made during a specified term of the court, a sale made thereunder at a subsequent term is void. The court correctly ruled the plea in bar.

The cause was certified by the probate court to the circuit court under the provisions of section 2549, Revised Statutes 1919, which provides that the court to which the cause is certified, "shall hear and determine the cause." After the ruling on the plea in bar defendant demanded trial by jury on the issues presented by plaintiff's demand. The court announced that the case was not one triable to a jury but that he would call a jury to try the case and return an advisory verdict. Thereupon the jury was chosen, heard the evidence, received the instructions of the court, and returned their verdict advising the court that they found the issues for the plaintiff and assessed "his damage" at the sum of $800. The court con-

cluded that his twelve advisors had given him bad advice and that he would not follow it. The verdict was thereupon set aside and the court proceeded to render judgment in favor of the plaintiff for the sum of $2500.

Appellant does not assign error to the failure of the court to call a jury but does assign that it was error for the court to hold that the verdict of the jury was advisory only, and that it was error for the court to disregard that verdict and render judgment for the amount the court found to be just and proper. There is much learning in the briefs on the subject of the constitutional guarantee of the right of trial by jury, but the error assigned is that it was proper to submit the question to a jury and error for the court to disregard the verdict returned by the jury.

If the case is not triable to a jury, then the court had the right to disregard the verdict and render the judgment complained of.

The decisions are all one way, and to the effect that the right of trial by jury, as heretofore enjoyed, shall remain inviolate, "mean the right of trial by jury as it existed at common law." [Bates v. Comstock, 267 S. W. 641, 644.]

"And in the absence of any statutory provision therefor, the right to a trial by jury cannot be demanded by a litigant in probate proceedings." [Pearson v. Haydel, 87 Mo. App. 495, 500.]

In order to determine the question resort must be had to the various statutes that throw light on the subject.

The case was certified from the probate court to the circuit court on motion and thus retained its probative character. [Keele v. Keele, 118 Mo. App. 262, 279, 94 S. W. 775.]

The record furnished to this court by appellant recites that plaintiff introduced evidence in support of his claim. On appeal this court must proceed upon the theory that the amount allowed by the trial court was reasonable and proper, provided the court was not bound by the verdict of the jury.

While the plaintiff's claim is in the form of an ordinary demand, it is revealed therein that plaintiff sought to recover compensation for necessary legal assistance rendered the executrix in her representative capacity during the course of administration.

It seems to be contemplated by Section 2555, Revised Statutes 1919, that the probate court shall determine the amount to be paid as attorneys fees in an estate undergoing administration, that is, attorneys service to an administrator or executor is expense of administration, the amount thereof to be determined by the probate court in the same manner as other expenses of administration are determined.

Section 220, Revised Statutes 1919, provides that in all settlements the probate court shall settle "legal advice and service, and collect-

ing and preserving the estate,'' and inasmuch as it was the duty of the executrix to voluntarily pay for legal advice and service because they were expenses of administration, yet that did not preclude plaintiff from asserting his claim in the manner in which he did assert it. [Powell v. Powell, 23 Mo. App. 365.]

Section 200, Revised Statutes 1919, provides that if the demand exceeds twenty dollars, either party may require a jury. The plaintiff's claim was not a demand within the meaning of that section, because that section contemplates a demand which, upon allowance, it is the duty of the probate court to classify as provided in section 205, and a demand that must be presented within the time limited by section 186. The claim in suit is expense of administration and not subject to classification. Neither a creditor, heir or legatee is entitled to participate in the funds of an estate until the costs of administration are paid.

In Stevens v. Cassity, 104 Mo. App. 210, 77 S. W. 1089, this court held that the circuit court did not have original jurisdiction of a demand for compensation for services of an attorney rendered for an executor.

Said the court:

''The plaintiff's demand is not, strictly speaking, a claim against the decedent's estate but one against the executor thereof. Legal services rendered an administrator or executor are but expenses of the administration and should be allowed as such only, and until they are so allowed they do not become demands against the estate of the decedent. And the probate courts only have jurisdiction to adjudicate such matters on settlements made with administrators and executors.

''Section 191, *idem*, is intended to give to circuit courts jurisdiction to establish demands against the estate of deceased persons and can in no sense be construed as conferring jurisdiction to adjust the claims of the executor or administrator for his services and expenses against the estate in his hands. The sole jurisdiction in that matter is in the probate court.''

In Thompson v. Thompson, 217 S. W. 863, 864, it is said:

''Charges of this character, not incurred by the deceased but arising by reason of and in course of administration, need no allowance except in connection with the making of the final settlement and are not within the provisions of section 230, supra.'' [Now section 221.]

On this subject it is said in 24 C. J. 104: ''and what is a reasonable amount in any particular case is a matter resting within discretion of the court, which should not be governed absolutely by the opinion of professional men, the charge made by the counsel, or the contract of employment, but should exercise its own fair judg-

ment and fix the amount allowable with reference to the labor, skill, and care required, etc.''

Notwithstanding it was the duty of the executrix to voluntarily pay expense of administration which includes reasonable compensation for legal service rendered her, she, nevertheless, had the right to contest the plaintiff's claim, the question in this case being, shall that controversy be determined by the court or by the jury?

The St. Louis Court of Appeals in State ex rel. v. Garesche, 198 Mo. App. 457, 200 S. W. 735, refused to follow the holding in the Stevens case, supra, assigning as reason therefore that the court had refused to follow it in cases decided by that court, and because the Stevens case, supra, has been in effect overruled by the Supreme Court in Linn County Bank v. Clifton, 263 Mo. 200, 172 S. W. 388. The action under consideration in the Bank case, supra, was instituted in the circuit court of Linn county, and based upon a demand alleged to have accrued in the *lifetime of intestate*. The question whether the circuit court had, or did not have jurisdiction of claims properly classed as cost of administration, was not under consideration. We do not consider that case as an authority, one way or the other, on the question involved in this case. If plaintiff's claim is not a demand in the statutory sense but is properly classed as expense of administration and ''the sole jurisdiction in that matter is in the probate court,'' or if the allowance of the claim ''is a matter resting in the discretion of the court,'' and the statute on that subject does not give the right of trial by jury, then the probate court should adjudicate the claim without the aid of a jury. The holding of this court in the Stevens case, supra, and the holding of the St. Louis Court of Appeals in the Garesche case are in conflict, which conflict is expressly recognized in the last named case. But the precise question for decision here was not presented to the St. Louis Court of Appeals in the Garesche case. We are not called upon to decide whether a circuit court has original jurisdiction to entertain a claim such as the one under consideration. What we do decide is, that plaintiff's claim is expense of administration, and that jurisdiction to allow or reject the same is, by law, committed to the probate court, and that, too, without the intervention of a jury. The learned trial judge correctly ruled that the verdict of the jury was not binding on him.

In reaching the conclusion stated, we have not overlooked Mayhall v. Stoecker, 191 S. W. 1117, a case in which an attorney presented to the probate court a demand for service rendered by him for the administratrix during the course of administration. On appeal the case was tried to a jury as an ordinary action at law; but the question whether that was proper procedure was not presented or decided. The case is therefore not an authority on the question raised in this case. The commissioner recommends the judgment be affirmed.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.