Janice C. CAMPBELL, Appellant,

v.

Joseph E. CAMPBELL and Richard F. Campbell, Respondents,

and

Rebbecca Lake Overman, Respondent.

No. WD 51363.

Missouri Court of Appeals, Western District.

June 4, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1996.

Application to Transfer Denied Oct. 22, 1996.

Albert W.L. Moore, Jr., Independence, for appellant.

George Kapke, Independence, for respondents.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

PER CURIAM.

Janice C. Campbell ("Campbell"), a one-third beneficiary in the estate of her father, Joseph F. Campbell, deceased, appeals the trial court's decision to grant in full the administrator ad litem's application for fees. Her brothers, Joseph E. Campbell and Richard F. Campbell, are also each one-third beneficiaries and were named co-personal representatives in their father's will. This court has previously decided two appeals involving the same estate. *See Moore v. Campbell,* 904 S.W.2d 378 (Mo.App.1995); *Campbell v. Campbell,* 898 S.W.2d 630 (Mo. App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 699, 133 L.Ed.2d 656 (1996).

Campbell raises two issues here. First, she argues that the trial court erred in denying her demands for a jury trial of the administrator ad litem's application for legal expenses. She further argues the trial court erred in refusing to take or consider evidence

pertaining to the administrator ad litem's eligibility for compensation.

Rebbecca Lake Overman was appointed to serve as administrator ad litem for the estate of Joseph F. Campbell on July 7, 1993. Overman provided various legal services in the course of managing the estate, including representing it in a discovery of assets action in *Campbell v. Campbell, supra.* She then filed an application for compensation with the probate division on October 28, 1994. Soon thereafter, the matter was designated as an adversary proceeding. Campbell's subsequent demands for a jury trial filed on December 2 and 19, 1994, were denied. Based upon *Hewitt v. Duncan's Estate,* 226 Mo. App. 254, 43 S.W.2d 87 (Mo.App.1930), Judge Borron rejected the first demand on December 7, 1994. Judge Gant refused Campbell's second demand on December 20.

At trial, Campbell challenged the constitutionality of the court's refusal to grant a jury trial and protested the administrator ad litem's eligibility for compensation under § 473.153.6.[1] On the issue of compensation, the trial court allowed an offer of proof, but refused to take or consider evidence of Overman's purported ineligibility. On May 1, 1995, the trial court entered its order granting in full Overman's request for $11,062.50 as compensation for her services as administrator ad litem.

■ As this case was decided by the court without a jury, "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### Trial by Jury

In point I of her brief, Campbell argues that § 473.420 provides for a jury trial on the issue of compensation because Overman's request for attorney's fees constitutes a "claim" as defined by § 472.010(3). Also under point I, Campbell further alleges this court misap-

plied two provisions of Missouri's probate code in *In re Estate of DeGraff,* 637 S.W.2d 277 (Mo.App.1982), by holding that (1) Section 473.420 applies only to claims and not costs of administration; and (2) a jury trial was not required pursuant to § 473.153.1 because it is for the court to allow reasonable compensation. In point IV of her brief, Campbell also contends the trial court's failure to grant her demand for a jury trial violated her due process rights as guaranteed by the Fifth and Fourteenth Amendments. These claims will be examined together.

Campbell correctly points out that § 472.010(3) defines "claims" when used within the probate code to include "costs and expenses of administration." Section 473.420, which provides for jury trials, reads as follows:

> Whenever a claim or offsets or counterclaims thereto exceed one hundred dollars and either party demands a jury, one shall be summoned and the trial conducted before it; in all other cases the claim, offsets and counterclaims shall be tried by the court without a jury. A party, other than an executor or administrator, demanding a jury, before the same is summoned, shall deposit with the clerk an amount as estimated by the judge or clerk to be sufficient to pay the costs of the jury.

Overman's application for attorney's fees clearly exceeded one hundred dollars and, as previously noted, Campbell made two demands for a jury trial and was rejected in both instances. In reliance on these probate code provisions, Campbell asserts her claim for a jury trial. However, for the reasons stated below, we do not find these provisions to be controlling in this case.

This Court in *DeGraff* interpreted § 473.153.1 such that the court, without a jury, shall allow reasonable compensation if a party is so entitled. *DeGraff,* 637 S.W.2d at 279; *see also Hewitt,* 43 S.W.2d at 90 (determination of appropriate attorney's fees is committed to probate court without intervention of jury).[2] Section 473.153.1 "provides that the basic fees allowable to a personal representative are determined by a percent-

---

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

2. Campbell claims that *Hewitt* was overruled by *Barnes v. Boatmen's Nat'l Bank,* 355 Mo. 1136, 199 S.W.2d 917, 920–22 (Mo.1947). *Barnes,*

age schedule of the property administered, and if there is an entitlement to a reasonable compensation, the *court* shall allow it." *De-Graff,* 637 S.W.2d at 279 (emphasis in original).

The language found in § 473.153.1 is similar to the language contained in § 473.153.3. Section 473.153.3 is relied upon by Overman and establishes the method by which attorneys may obtain compensation for rendering estate administration services. It reads in part:

> Attorneys performing services for the estate at the instance of the personal representative shall be allowed out of the estate as the minimum compensation for their services sums equal to the percentages set forth in the schedule contained in subsection 1 of this section. In any case where reasonable compensation to the attorneys is in excess of the minimum provided in the schedule the court shall allow such additional compensation as will make the compensation of the attorneys reasonable and adequate. Performance by the attorneys of extraordinary services is not necessary to entitle them to such additional compensation. If the personal representative is an attorney, no allowance shall be made for legal services performed by him or at his instance unless such services are authorized by the will or by order of the court or are consented to by all heirs and devisees whose rights may be adversely affected by the allowance.

■ That provision does not explicitly preclude jury trials in awarding attorney's fees in probate proceedings, but Missouri cases have held that the determination of expenses is within the discretion of the court. *See e.g., Estate of Veselich v. Northwestern Nat'l Casualty Co.,* 760 S.W.2d 564, 570 (Mo.App. 1988); *In re Estate of Black,* 693 S.W.2d 899, 900–01 (Mo.App.1985). Attorney's fees are provided for by statute and the allowance of such fees falls within the administrative province of the court. Attorneys may receive the

minimum compensation as fixed by the percentage schedule, or they may, if the court so determines, receive compensation in excess of the minimum. In both instances it is for the court, not a jury, to determine whether compensation is reasonable.

■ It is clear that attorney's fees are expenses of administration. *Moore v. Campbell,* 904 S.W.2d at 383–84. In that related case, we discussed the ranking of attorney's fees in probate proceedings and said:

> Section 473.397 classifies claims and statutory allowances, and § 473.430 provides that claims and statutory allowances shall be paid in the order specified by § 473.397. The [probate] code provides, in effect, for a marshaling of assets, and then directs the use of those assets for payments of claimants in order of priority.... Expenses of administration are class 2 claims, second only in order of payment to court costs, which are class 1. §·473.153.

> *Id.*

■ In the case at bar, although Overman was appointed by the court to serve as administrator ad litem rather than being hired by the co-personal representatives, we find § 473.153.3 to be controlling. Campbell contends that the definition of "claims" in § 472.010(3) mandates a jury trial in this case, but that provision is general in nature and, therefore, must be subordinate to § 473.153, which specifically outlines the manner in which attorney's fees may be allowed. "Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general." *State ex rel. Ft. Zumwalt School Dist. v. Dickherber,* 576 S.W.2d 532, 536–37 (Mo. banc 1979).

■ In determining what is reasonable and adequate compensation, the court should consider the following items: the total time expended, the rate charged, the amount of

---

however, is not controlling here. In the instant case, the issue is whether a jury trial was required upon demand to determine reasonable attorney's fees for the administrator ad litem. In *Barnes,* the relevant issue was whether the circuit court had jurisdiction to set aside an order issued by the probate court. Since *Barnes* was

decided, the Missouri Constitution has been altered such that probate judges have, as of January 2, 1979, "become circuit judges of their respective circuits ... and shall have the same powers and jurisdiction as judges of the circuit court." Mo. Const. art. V, § 27.4(a); *Moore v. Campbell,* 904 S.W.2d at 380.

the estate, the difficulty of the duties involved and the services performed. *In re Estate of Newhart*, 622 S.W.2d 398, 402 (Mo. App.1981). After hearing the testimony of the witnesses and reviewing the billing statement submitted by Overman, the trial court concluded that her requested attorney's fees were indeed reasonable. As previously noted, "[t]he determination of appropriate expenses of administration rests within the sound discretion of the court." *Veselich*, 760 S.W.2d at 570; § 473.153. After reviewing the record as required by *Murphy v. Carron, supra*, we affirm the trial court's ruling. Point denied.

### Eligibility for Compensation

In points II, III and IV of Campbell's brief, she contends the trial court erred in refusing to take or consider relevant evidence of the administrator ad litem's ineligibility for compensation and that such refusal denied her due process as guaranteed by the Missouri and federal constitutions. Campbell relies on § 473.153.6, which reads:

Compensation properly allowable hereunder may be allowed to personal representatives or attorneys upon final settlement, or partial compensation upon application thereof, at any time or times during administration. If the court finds that a personal representative has failed to discharge his duties as such in any respect it may deny him any compensation whatsoever or may reduce the compensation which would otherwise be allowed. If the court finds that any attorney's services or actions in connection therewith are wrong, improper or injurious to the estate, no attorney fee whatever shall be allowed.

During direct examination of Overman, Campbell's counsel, Mr. Moore, attempted to elicit testimony as to whether the authority of the co-personal representatives, Joseph E. Campbell and Richard F. Campbell, had been suspended.[3] An objection was entered by counsel for the Campbell brothers. Mr.

Moore then explained that the probate procedures manual requires that all personal representatives sign an application for compensation. The following dialogue appears in the record:

The Court: Wouldn't the court file reflect if that were true or not? I'm not sure this would be her [Overman] responsibility. I mean, she couldn't suspend them; Judge Borron would have to.

Mr. Moore: Your Honor, Exhibit 4 indicates that proceedings to suspend the authority of the previous personal representatives, the Campbell brothers, has been stayed. Now, unless that stay has been lifted and the presumption is that once established that that's the situation, it's presumed that it continues unless shown differently. I'm giving the witness an opportunity to show that there has been something to suspend the authority of the personal—of the Campbell brothers as personal representatives.

The Court: Albert, I'm going to sustain the objection. I think Ms. Overman testified she felt she was appointed as administrator ad litem and told to proceed with certain things by the court. If you want to call Judge Borron as a witness or something, that may be different, but she's only doing what the judge told her to do. At least that's what I've heard of the testimony. I'll sustain the objection.

Mr. Moore: Your Honor, let me point out to the court that an administrator ad litem is a personal representative.[4]

The Court: I'm not sure how that makes a difference on whether she's entitled to an attorney's fee or not because so far the testimony has been that she was appointed by Judge Borron in this capacity as an administrator ad litem. She then did certain things. Whether they were reasonable or unreasonable is what I'm supposed to decide, I think, not whether, you know, what else was done by the court. That would be up to Judge Borron. I have sustained the objection.

---

3. Exhibit No. 4, which was admitted into evidence, consisted of an order issued by Judge Borron and it read: "Proceedings on petitioner's petition to suspend personal representatives' authority and to appoint an administrator de bonis non are stayed pending resolution of the discovery of assets action."

4. Section 472.010(26) defines personal representative to mean executor or administrator, including an administrator de bonis non.

Mr. Moore: Your Honor, if I may, the—this is all relevant to matters that we've been considering before, and that is that under the basic section of the probate code—

Mr. Kapke [attorney for the administrator ad litem]: Your Honor, my understanding is there's no question pending and that the last question, an objection was sustained to the last question. We don't get into arguments after the court has ruled on a motion.

At this point, a recess was taken and Judge Gant invited counsel into his chambers. After returning, Campbell's counsel requested that Overman leave the courtroom so that he could make an offer of proof in her absence. The court responded by saying:

The Court: Well, it's done both ways. There's a proper way and an improper way. I guess I'll leave that up to you. . . .
Mr. Moore: Your Honor, since this would disclose my questions and expected answers, I would think it would be appropriate to ask the witness to step outside while we do the offer of proof.

Overman then left the courtroom and Mr. Moore proceeded to make an extensive narrative offer of proof as to the relevance, materiality and probative value of evidence regarding Overman's alleged malfeasance in handling the estate. In doing so, he recited questions too numerous to repeat here that he would ask of Overman and, in some instances, the responses he anticipated she might give.

■ "In order to present and preserve an offer of proof, the proper procedure is to propound questions to a witness who is present and has taken the stand." *School Dist. of Independence v. U.S. Gypsum*, 750 S.W.2d 442, 453 (Mo.App.1988). A narrative offer of proof may "occasionally" be found to be adequate, but it must be given with sufficient certainty and detail so as to demonstrate its quality as relevant, material and probative evidence. *Id.* (citation omitted). A narrative offer of proof that is merely conclusory is inadequate. *Id.*

■ Although the offer of proof in this case was quite lengthy, we find that it did not conform to the standards enumerated above. It was "not in question and answer form, and

it was not specific and definite enough to demonstrate the relevance, materiality or probative value of the proffered testimony." *Id.* at 454. Overman was available and could have easily been placed on the stand for questioning. By hearing her direct responses to counsel's questions, the court would have been better apprised of the relevance, materiality and probative value of the evidence Campbell wanted to introduce. Furthermore, portions of the offer of proof involved evidence relating to issues disposed of in the discovery of assets action. *See Campbell v. Campbell, supra*. Finally, Mr. Moore offered questions regarding what Overman planned to do in the future in administering the estate. The court correctly focused on the services already performed by Overman in determining whether the requested attorney's fees were reasonable.

■ Trial courts have considerable discretion in excluding or admitting evidence and an abuse of that discretion must be shown for reversal. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). Point denied.

Affirmed.